No. 80-292

IN THE SUPREME COURT OF THE STATE OF MONTANA

1980

---

THE DEPARTMENT OF REVENUE OF
THE STATE OF MONTANA,

             Petitioner and Appellant,

    -vs-

DAVIDSON CATTLE COMPANY,

             Respondent and Respondent.

---

Appeal from:  District Court of The Thirteenth Judicial District,
              In and for the County of Big Horn, The Honorable
              Diane G. Barz, Judge presiding.

Counsel of Record:

    For Appellant:

            Thomas A. Pouliot, Tax Counsel, Dept. of Revenue,
            Helena, Montana

    For Respondent:

            Davidson, Veeder, Baugh, Broeder & Poppler,
            Billings, Montana

---

                        Submitted on Briefs:  October 23, 1980

                                  Decided: DEC 3 0 1980

Filed:  DEC 3 0 1980

_____
Thomas J. Kearney
                    Clerk

Mr. Chief Justice Frank I. Haswell delivered the Opinion of the Court.

The Big Horn County District Court entered a default judgment against the State Tax Appeal Board (STAB) and subsequently denied the Montana State Department of Revenue's (Department) motion to set the default aside. The Department appeals.

This controversy commenced in 1978 when the Department's Corporate Tax Division conducted an audit of Davidson Cattle Company's state corporate license tax returns for the years 1972 through 1976. Following the audit, the Department assessed the taxpayer an additional $10,525.00 in taxes and interest.

The taxpayer protested the additional assessment before the Department. The Department denied the protest on September 13, 1978. An appeal was timely filed with STAB. Following a hearing, STAB entered its findings of fact, conclusions of law and final order affirming the Department's decision on October 3, 1979.

On October 22, 1979, the taxpayer filed a petition for judicial review of the STAB decision in the Big Horn County District Court. On October 23, 1979, the taxpayer mailed a copy of the summons and petition to the attorney who represented the Department at the STAB hearing; on October 29, 1979, a copy of the summons and petition was served upon STAB.

Taxpayer asserts in its brief that its attorney contacted a STAB member in early December on several occasions to inform STAB that an answer to its petition had been due on November 19, 1979. The STAB member was requested to discuss the matter with Helen Peterson, chairperson of STAB, and with the attorney representing the Department. The Department's memorandum filed with the District Court on its motion to set aside the default judgment admits that the Department had knowledge of the taxpayer's intent to take a default. It appears that the Department's attorney contacted taxpayer's counsel prior to a

default being taken and stated that "notice and service" upon the Department were required.

On December 21, 1979, the taxpayer mailed a motion for default to the Clerk of the District Court, the Department's attorney and to the chairperson of STAB. On December 24, 1979, the Clerk of Big Horn County District Court entered the default of STAB. On January 30, 1980, the District Court entered a default judgment against STAB for its failure to answer or appear. The judgment further stated that STAB's final order was reversed and that the taxpayer owed no additional corporation license tax to the State for the years in question.

The Clerk of the District Court mailed notice of entry of the default judgment to STAB and the Department on January 31, 1980. On April 14, 1980, the Department filed a motion to set aside the default judgment based on lack of jurisdiction. The District Court entered its order denying the Department's motion on June 24, 1980. The Department appeals.

The first issue presented is whether Davidson Cattle Co. complied with procedural requirements in seeking judicial review. The Department contends that Davidson Cattle Co. failed to comply with section 2-4-702, MCA, and thereby failed to obtain jurisdiction over the Department. The taxpayer asserts that section 15-2-303, MCA, is the applicable statute.

Section 2-4-702, MCA, is contained in Montana's Administrative Procedure Act and provides procedures for initiating judicial review of agency determinations in contested cases. Section 15-2-303, MCA, on the other hand, provides appeal procedures for initiating judicial review of decisions of STAB. These statutes provide in pertinent part, as follows:

> "2-4-702. Initiating judicial review of contested cases. (1)(a) A person who has exhausted all administrative remedies available within the agency and who is aggrieved by a final decision in a contested case is entitled to judicial review under this chapter. This section does not limit utilization of or the scope of judicial review available under other means of review, redress, relief, or trial de novo provided by statute.

"(b) A party who proceeds before an agency under the terms of a particular statute shall not be precluded from questioning the validity of that statute on judicial review, but such party may not raise any other question not raised before the agency unless it is shown to the satisfaction of the court that there was good cause for failure to raise the question before the agency.

"(2) (a) Proceedings for review shall be instituted by filing a petition in district court within 30 days after service of the final decision of the agency or, if a rehearing is requested, within 30 days after the decision thereon. Except as otherwise provided by statute, the petition shall be filed in the district court for the county where the petitioner resides or has his principal place of business or where the agency maintains its principal office. Copies of the petition shall be promptly served upon the agency and all parties of record." (Emphasis added.)

"15-2-303. Judicial review of contested cases. (1) Any party to an appeal before the state tax appeal board who is aggrieved by a final decision in a contested case is entitled to judicial review under this part.

"(2) Proceedings for review shall be instituted by filing a petition in district court in the county wherein the taxable property or some portion thereof is located (except the taxpayer may, at his option, file in the district court of the first judicial district) and serving a copy of the petition on the state tax appeal board within 30 days after service of the final decision of the state tax appeal board or, if a rehearing is requested, within 30 days after the decision thereon. All parties to the appeal shall cause to be served on the state tax appeal board a copy of all pleadings and documents they shall file in such proceedings." (Emphasis added.)

We note that section 15-2-303, MCA, is a specific statute governing appeals from STAB decisions and does not require service of summons or a copy of the petition on the Department. On the other hand, section 2-4-702, MCA, is a general statute covering judicial review of determinations of any agency which is subject to the provisions of the Montana Administrative Procedure Act. It requires service on the agency involved, here the Department. A specific statute controls over a general statute to the extent of any inconsistency. Bryant v. Hall (1971), 157 Mont. 28, 33, 482 P.2d 147, 149-150; Fickes v. Missoula County (1970), 155 Mont. 258, 272, 470 P.2d 287, 294; Monarch Lumber Company v. Haggard

- 4 -

(1961), 139 Mont. 105, 114, 360 P.2d 794, 798; In re Stevenson's Estate (1930), 87 Mont. 486, 498, 289 P. 566, 570.

Of more significance in the present case is the District Court's scope of judicial review. The guidelines in this regard are provided by section 2-4-704, MCA, which provides as follows:

> "2-4-704. <u>Standards of review</u>. (1) The review shall be conducted by the court without a jury and shall be confined to the record. In cases of alleged irregularities in procedure before the agency not shown in the record, proof thereof may be taken in the court. The court, upon request, shall hear oral argument and receive written briefs.
>
> "(2) The court may not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court may affirm the decision of the agency or remand the case for further proceedings. <u>The court may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are</u>:
>
> "(a) in violation of constitutional or statutory provisions;
>
> "(b) in excess of the statutory authority of the agency;
>
> "(c) made upon unlawful procedure;
>
> "(d) affected by other error of law;
>
> "(e) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record;
>
> "(f) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion; or
>
> "(g) because findings of fact, upon issues essential to the decision, were not made although requested."

Separate standards of review for STAB decisions are not provided with the exception of section 15-2-303(4) which states that the District Court may permit additional evidence notwithstanding section 2-4-704(1), MCA.

Turning to the default judgment entered in the present case, the District Court reversed STAB's determination and granted the relief requested by the taxpayer based on the Department's failure to answer or appear. There is no basis for this judgment in the record, other than the Department's failure

- 5 -

to appear. However, the failure to appear does not suspend the standards of review. In short, the District Court was not entitled to enter a default judgment reversing STAB without reviewing the record and complying with the standards of review contained in section 2-4-704, MCA.

The default judgment entered by the District Court is vacated and this case is remanded for further proceedings consistent with section 2-4-704, MCA, and this opinion.

_Frank J. Haswell_
Chief Justice

We concur:

_Gene B. Daly_

_John Conway Harrison_

_Daniel J. Shea_

_John C. Sheehy_
Justices