No. 89-549

IN THE SUPREME COURT OF THE STATE OF MONTANA

1990

DOROTHY LOUGH,

      Plaintiff and Appellant,

   -vs-

INSURANCE COMPANY OF NORTH AMERICA
AND LIBERTY MUTUAL FIRE INSURANCE CO.,
jointly and severally,

      Defendant and Respondent.


APPEAL FROM:   District Court of the Thirteenth Judicial District,
               In and for the County of Yellowstone,
               The Honorable G. Todd Baugh, Judge presiding.


COUNSEL OF RECORD:

      For Appellant:

          Jerrold L. Nye argued; Nye & Meyer, Billings,
          Montana

      For Respondent:

          Jon T. Dyre argued; Crowley Law Firm, Billings,
          Montana


Submitted: March 14, 1990

Decided: March 23, 1990

Filed:

_____
          Clerk

Justice Diane G. Barz delivered the Opinion of the Court.

The District Court of the Thirteenth Judicial District, Yellowstone County, granted Liberty Mutual Fire Insurance Company's motion for summary judgment in this case involving alleged violations of the Unfair Trade Practices provisions of the Montana insurance code. Dorothy Lough appeals the order of the District Court granting Liberty Mutual's motion. We reverse and remand.

Appellant was injured in an elevator located in the College Park Professional Building in Billings. Montgomery Elevator Company maintained the elevator and was insured by Liberty Mutual. Ragner and Lynda Martinsen owned the building and were insured by Insurance Company of North America (INA). Appellant incurred medical bills for the treatment of her injury. In response to appellant's claims against them for her injuries, both insurance carriers asserted the other's insured was at fault. Several months after her injury, appellant obtained counsel to pursue her claims and a lawsuit was filed.

Liberty Mutual voluntarily contributed $1,500 toward appellant's medical bills on behalf of its insured although it disclaimed any liability on the part of its insured and later flatly denied liability. Appellant filed suit against Montgomery and the Martinsens alleging negligence. Appellant was able to negotiate a settlement with Montgomery and the Martinsens in the underlying lawsuit. In the release concurrently executed, appellant accepted $10,000 in consideration for the same. It is

2

significant that appellant reserved the right to pursue bad faith claims against both INA and Liberty Mutual. Neither Liberty Mutual nor Montgomery Elevator contributed to payment of the $10,000 settlement. Only appellant executed the release although all parties executed the subsequent stipulation dismissing the action.

Appellant filed a separate lawsuit against Liberty Mutual and INA claiming both engaged in deceptive trade practices by failing to investigate and negotiate settlement of her claim in good faith. INA settled with appellant after which the District Court granted Liberty Mutual's motion for summary judgment.

The dispositive issue on appeal is whether a third party claimant may maintain a bad faith action against an insurer after settling with the insured when liability has not been established in the underlying case. Appellant contends respondent was not entitled to judgment as a matter of law because the District Court misapplied § 33-18-242, MCA, to the facts of this case.

Respondent argues appellant failed to satisfy the two conditions precedent to filing a bad faith claim:

1)    disposition of the underlying claim by settlement or judgment; and

2)    establishment of liability by settlement or judgment.

Respondent contends no settlement occurred between appellant and its insured, Montgomery Elevator, because neither Montgomery Elevator nor Liberty Mutual contributed any part of the $10,000 settlement paid to appellant. Because appellant's execution of the release constituted an abandonment of her claims against

3

Montgomery, respondent maintains appellant failed to satisfy the first of two prerequisites to a bad faith claim in that no settlement was reached with the insured. We disagree. Respondent participated in negotiation of the settlement and agreed to dismissal of the underlying cause. Thus, appellant's claims against both Montgomery and the Martinsens were settled.

The second of two prerequisites for a bad faith claim, respondent asserts, is that liability be established in the underlying settlement or judgment. In other words, prior to assertion of a bad faith claim, judgment must be rendered in favor of the plaintiff upon trial of the matter or in the settlement process the insured or insurer must acknowledge the insured's liability. Respondent claims Montgomery's clear denial of liability contained within the release precludes appellant's claim in the instant case.

Although both parties rely heavily on this Court's decision in Fode v. Farmers Insurance Exchange (1986), 221 Mont. 282, 719 P.2d 414, we conclude that § 33-18-242, MCA, enacted in 1987, is controlling. By adopting respondent's argument and affirming the District Court, this Court would be ignoring the plain meaning of the statute and imposing a condition precedent not contemplated by the legislature.

Section 33-18-242, MCA, permits a third party claimant to bring an independent cause of action against an insurer for violation of subsections (1), (4), (5), (6), (9) or (13) of § 33-18-201, MCA. Those subsections allow third party claimants to

4

recover damages from insurers that:

> (1) misrepresent pertinent facts or insurance policy provisions relating to coverages at issue;
>
> . . .
>
> (4) refuse to pay claims without conducting a reasonable investigation based upon all available information;
>
> (5) fail to affirm or deny coverage of claims within a reasonable time after proof of loss statements have been completed;
>
> (6) neglect to attempt in good faith to effectuate prompt, fair, and equitable settlements of claims in which liability has become reasonably clear;
>
> . . .
>
> (9) attempt to settle claims on the basis of an application which was altered without notice to or knowledge or consent of the insured;
>
> . . .
>
> (13) fail to promptly settle claims, if liability has become reasonably clear, under one portion of the insurance policy coverage in order to influence settlements under other portions of the insurance policy coverage;
> . . .

Section 33-18-201, MCA.

Section 33-18-242(6)(b), MCA, requires settlement or entry of judgment on the underlying claim prior to instigation of the bad faith claim. That section does not require that liability of the insured be established as a condition precedent to the bad faith litigation.

Appellant in this case alleges violations of subsection 4, which requires no showing of reasonably clear liability, and

5

subsection 6, which does. The District Court erred in granting respondent's motion for summary judgment on the basis that appellant failed to establish reasonably clear liability prior to suit. We reverse and remand for further proceedings consistent with this opinion.

Reversed and remanded.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____

_____
Justices