No. 90-340

IN THE SUPREME COURT OF THE STATE OF MONTANA

1991

---

TRUSTEES, CARBON COUNTY
SCHOOL DISTRICT NO. 28,

  Plaintiff and Appellant,

 -vs-

HELEN SPIVEY and NANCY KEENAN,
Superintendent of Public Instruction,

  Defendants and Respondents.

---

APPEAL FROM: District Court of the Thirteenth Judicial District,
      In and for the County of Carbon,
      The Honorable William J. Speare, Judge presiding.


COUNSEL OF RECORD:

  For Appellant:

    Laurence R. Martin; Felt, Martin, Frazier & Lovas,
    Billings, Montana

  For Respondents:

    Emilie Loring; Hilley & Loring, Missoula, Montana
    Beda Lovitt, Legal Council, Office of Public
    Instruction, Helena, Montana

---

FILED

Filed: JAN 24 1991

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

Submitted on Briefs: December 13, 1990

Decided: January 24, 1991

Clerk

Justice John Conway Harrison delivered the Opinion of the Court.

The District Court of the Thirteenth Judicial District, Carbon County, granted respondents' motion to dismiss pursuant to the running of a thirty-day period to file a petition for judicial review. This appeal followed. We reverse and remand.

The sole issue on review is whether the sixty-day statute of limitations contained in § 20-3-107(2), MCA or the thirty-day statute of limitations contained in § 2-4-702(2)(a), MCA applies to the filing of a petition for judicial review of a decision by the Superintendent of Public Instruction which terminates the employment of a tenured teacher.

Respondent Helen Spivey ("Spivey") was a tenured teacher employed by the appellant Carbon County School District No. 28, ("School District") located in Boyd, Montana. Pursuant to the provisions of § 20-4-204, MCA, its Board of Trustees ("Trustees") non-renewed Spivey's teaching contract for the school year 1986-1987. Spivey appealed the Trustees' decision to the County Superintendent, which resulted in Spivey's reinstatement as a tenured teacher. The Trustees appealed the County Superintendent's decision to reinstate Spivey. The Trustees' appeal to the Superintendent of Public Instruction (also referred to as the "State Superintendent") was effective and Spivey was again unemployed. The State Superintendent nullified the results of Spivey's first appeal and affirmed the initial action of the Trustees in not renewing Spivey's contract. As both parties exhausted their administrative remedies, a collection of appeals,

2

remands, affirmances, disqualifications and reversals accumulated. Finally, the State Superintendent issued a Decision and Order on January 23, 1990 with instructions to reinstate Spivey. The Trustees appealed this decision by filing their Petition for Judicial Review on March 20, 1990. Therein lies the controversy we are now faced with since March 20, 1990 comes more than thirty days, but less than sixty days, after the State Superintendent's decision of January 20, 1990. On April 10, 1990, Spivey moved the District Court to dismiss the Trustees' Petition for Judicial Review on the theory that it had been filed beyond the thirty-day period for filing a petition for judicial review of an agency decision pursuant to the Montana Administrative Procedure Act; § 2-4-702(2)(a), MCA. On June 11, 1990 the District Court dismissed the action and this appeal followed.

The sole issue for review is whether the sixty-day statute of limitations contained in § 20-3-107(2), MCA or the thirty-day statute of limitations contained in § 2-4-702(2)(a), MCA applies to the filing of a petition for judicial review of a decision by the Superintendent of Public Instruction which terminates the employment of a tenured teacher.

Spivey argues that the School District is precluded from bringing the petition due to § 2-4-702(2)(a), MCA, which states: "Proceedings for review shall be instituted by filing a petition in district court within 30 days after service of the final decision of the agency. . . ." The School District counters that the proper statute of limitations is § 20-3-107, MCA which gives

3

a party sixty (60) days to appeal a decision of the Superintendent of Public Instruction. Spivey further argues that a 1977 amendment to § 2-4-702 impliedly repealed the sixty-day provision in § 20-3-107, MCA. We hold that the applicable statute in this case is § 20-3-107, MCA which provides sixty days to appeal a decision of the Superintendent of Public Instruction.

The Montana Administrative Procedure Act (MAPA), which contains § 2-4-702, MCA, was enacted in 1971. The thirty-day statute of limitations of § 2-4-702, MCA is a general statute that applies to all contested case proceedings of any agency under MAPA. By specific exclusion, MAPA did not originally apply to the State Superintendent. However, in 1977 MAPA was amended to include the State Superintendent. Title 20, on the other hand, entitled "Education", contains § 20-3-107(2), MCA. Section 20-3-107(2), MCA, enacted in 1974, allows a party sixty days from a decision of the State Superintendent to file a petition for judicial review. Spivey argues that the provision in the 1977 act which brought the State Superintendent within the purview of MAPA impliedly repealed the earlier enacted § 20-3-107(2), MCA and, as a result, all petitions for judicial review challenging decisions of the State Superintendent must be filed within the thirty-day limit provided in § 2-4-702, MCA. The School District, on the other hand, argues that the 1977 provision which brought the State Superintendent within the purview of MAPA was not meant to effect the sixty-day time limit of § 20-3-107(2), MCA, but was only meant to effect the manner in which the State Superintendent handled all aspects of

4

two primary functions--rule making authority and the determination of contested cases. The School District contends that the District Court erred by dismissing the School District's action based on the thirty-day rule of § 2-4-702, MCA, arguing that the District Court should have applied the sixty-day rule of § 20-3-107(2), MCA.

The applicable rule of statutory construction requires the result that a specific statute controls over a general statute to the extent of any inconsistencies. Bryant v. Hall (1971), 157 Mont. 28, 33, 482 P.2d 147, 149-50; Dept. of Revenue v. Davidson Cattle Co. (1980), 190 Mont. 326, 329, 620 P.2d 1232, 1234. In addition, a general statute which does not expressly affect a previously enacted specific statute has no affect on the earlier specific statute, unless intent to repeal the earlier specific statute is either clearly manifested or unavoidably implied by irreconcilable differences created by the continued operation of the statutes. Dolan v. School District (1981), 195 Mont. 340, 346, 636 P.2d 825, 828; Kuchan v. Harvey (1978), 179 Mont. 7, 10, 585 P.2d 1298, 1300.

Section 20-3-107, on which the School District relies is a more specific statute than MAPA's, § 2-4-702, MCA, in that § 20-3-107, MCA, applies to a narrowly defined "agency" whereas MAPA applies generally to all agencies. In Davidson Cattle Co. at 329, 620 P.2d at 1234, we stated that § 2-4-702, MCA, "is a general statute covering judicial review of determinations of any agency which is subject to the provisions of the Montana Administrative Procedure Act." On the other hand, § 20-3-107(2), MCA, when read

5

in the context of Title 20, refers to the appeal of decisions of the Superintendent of Public Instruction involving, among other "matters of controversy", the termination of a tenured teacher. See § 20-3-210, MCA. We therefore resolve any inconsistencies in these statutes in favor of the more specific statute of Title 20.

Next, Spivey contends that the 1977 act which brought the State Superintendent within MAPA's purview impliedly repealed the earlier enacted § 20-3-107(2), MCA because the operation of these statutes poses irreconcilable conflicts. This argument is without merit. Section 2-4-702(2)(a), MCA applies to all petitions filed regarding decisions from any agency under the purview of MAPA, with the exception of petitions filed in school controversies where § 20-3-107(2), MCA applies. The State Superintendent is still required to conduct hearings, consider issues and provide rule making within the confines of MAPA. Section 20-3-107(2), MCA simply carves out a specific limited procedural variation to the general rule enunciated in § 2-4-702(2)(a), MCA without negating the fundamental purpose of MAPA. As such, we find that the statutes can exist and operate side by side without posing any irreconcilable differences. Therefore, we hold that § 2-4-702, MCA does not expressly or impliedly repeal § 20-3-107(2), MCA and we further hold that the sixty-day rule of § 20-3-107(2), MCA applies to the school controversy at issue in this case.

The State Superintendent issued her Decision and Order on January 23, 1990. The School District filed its petition for judicial review of the State Superintendent's decision on March 20,

1990. In so doing, the School District was within the sixty-day time limit of § 20-3-107, MCA. As such, we hold that the District Court erred in dismissing the School District's claim based on § 2-4-702, MCA. Therefore, we reverse the District Court and remand this cause to the District Court for proceedings consistent with this opinion.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices