NO. 93-289

IN THE SUPREME COURT OF THE STATE OF MONTANA

1994

HENRY PRETTY ON TOP, **CHAIRMAN,**
BOARD OF TRUSTEES, BIG HORN
COUNTY HIGH SCHOOL DISTRICT
NO. 2, LODGE GRASS HIGH SCHOOL,

     Petitioners and Appellants,

     -vs-

ROBERTA SNIVELY, SUPERINTENDENT OF
SCHOOLS, BIG HORN COUNTY, NANCY
KEENAN, SUPERINTENDENT **OF** PUBLIC
INSTRUCTION; DECKER PETITIONERS
ELEMENTARY SCHOOL DISTRICT NO. 1,
BIG HORN COUNTY; and BIG HORN COUNTY
HIGH SCHOOL DISTRICT NO. 1,

     Respondents and Respondents.

FILED

MAR 22 1994

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:    District Court of the Thirteenth Judicial **District,**
               In and for the County of Big Horn,
               The Honorable Robert W. Holmstrom, Judge presiding.

COUNSEL OF RECORD:

     For Appellants:

     James L. Vogel, Attorney at Law, **Hardin**, Montana

     For Respondents:

     Laurence R. Martin, Michael K. **Rapkoch;** Felt,
     Martin & Frazier, Billings, Montana

Submitted on Briefs:  January 20, 1994

Decided:  March 22, 1994

Filed:

_____
Clerk

Justice Karla M. Gray delivered the Opinion of the Court.

Big Horn County High School District No. 2, Lodge Grass High School, appeals from an order of the Thirteenth Judicial District Court denying its petition for judicial review of a decision of the Montana Superintendent of Public Instruction. The court's order was based on its conclusion that the petition was time-barred under § 20-6-320(4), MCA (1989). We affirm.

The Decker territory was originally located in Big Horn County High School District No. 2 (Lodge Grass). In January, 1990, a majority of registered electors residing in the Decker territory petitioned Big Horn County Superintendent of Schools Roberta Snively (Superintendent Snively) to transfer the Decker territory from Lodge Grass to Big Horn County High School District No. 1 (Hardin). The Big Horn County Commissioners ultimately certified the petition pursuant to § 20-6-320(1), MCA (1989). Superintendent Snively scheduled and held a hearing on the petition in accordance with § 20-6-320(3) and (4), MCA (1989). She subsequently issued an order transferring the Decker territory to Hardin.

Lodge Grass appealed Superintendent Snively's order to Montana Superintendent of Public Instruction Nancy Keenan (Superintendent Keenan). On October 26, 1990, Superintendent Keenan issued an order affirming Superintendent Snively's decision. Lodge Grass petitioned for judicial review of Superintendent Keenan's decision on December 24, 1990.

The District Court concluded that § 20-6-320(4), MCA (1989), required Lodge Grass to file its petition within thirty days of the

2

date of Superintendent Keenan's decision.    Based on that conclusion, it denied, as untimely, the Lodge Grass petition filed fifty-eight days after Superintendent Keenan's decision.    Lodge Grass contends that the court applied the wrong statute: it argues that § 20-3-107(2), MCA (1989), which allows a party sixty days to petition for judicial review of a state superintendent's decision, applies to the facts before us.

We review a district court's conclusion of law to determine whether it is correct.    Steer, Inc. v. Dep't of Revenue (1990), 245 Mont. 470, 474-475, 803 P.2d 601, 603.    Our function in interpreting a statute is to effectuate the intent of the legislature. Minervino v. University of Montana (1993), 258 Mont. 493, 496, 853 P.2d 1242, 1244 (citation omitted).    "Whenever possible, this court is to look to the plain meaning of the statute in determining the legislative intent." Holly Sugar Corp. v. Dep't of Revenue (1992), 252 Mont. 407, 412, 830 P.2d 76, 79 (citation omitted).    "If the legislature's intent can be determined from the plain meaning of the words used in a statute, we will go no further."  State ex rel. Neuhausen v. Nachtsheim (1992), 253 Mont. 296, 299, 833 P.2d 201, 204 (citation omitted).

Section 20-3-107(1)(a), MCA (1989), authorizes the state superintendent of public instruction to decide matters of controversy appealed from a decision of a county superintendent made pursuant to § 20-3-210, MCA (1989).    The state superintendent's decision in such a controversy is final unless a petition for judicial review is "commenced no later than 60 days after the date of the decision of the [state] superintendent. . .

3

." Section 20-3-107(2), MCA (1989). Therefore, by its terms, the sixty-day period for petitioning for judicial review of a decision by the state superintendent is applicable where the underlying decision of the county superintendent is made pursuant to § 20-3-210, MCA (1989).

Section 20-3-210(1), MCA (1989), authorizes a county superintendent to "hear and decide all matters of controversy arising in his county as a result of decisions of the trustees of a district in the county." The statute also authorizes a county superintendent to decide controversies arising under:

> (a) section 20-5-304 or 20-5-311 relatingtothe approval of tuition applications; or

> (b) any other provision of this title for which a procedure for resolving controversies is not expressly prescribed.

Section 20-3-210(1)(a) and (b), MCA (1989).

None of the § 20-3-210(1), MCA (1989), situations is present here. Section 20-3-210(1), MCA (1989), authorizes a county superintendent to review decisions initially made by a district board of trustees. In granting the transfer petition, however, Superintendent Snively was not reviewing a decision of the school trustees. She was authorized, pursuant to § 20-6-320(4), MCA (1989), to make the initial decision to grant the petition if she "consider[ed] it advisable and in the best interests of the residents of the territory." Section 20-3-210(1)(a), MCA (1989), also has no application here because this case does not involve a tuition application. Nor does § 20-3-210(1)(b), MCA (1989), apply, because § 20-6-320(4), MCA (1989), provides a procedure for

4

resolving controversies relating to territory transfers. Section 20-6-320(4), MCA (1989), expressly provides for the resolution of such controversies by providing both an appeal to the state superintendent from the county superintendent's decision and, thereafter, a petition for judicial review.

Thus, a county superintendent's decision to grant or deny a transfer petition is not a decision made pursuant to § 20-3-210, MCA (1989). As set forth above, § 20-3-107(2), MCA (1989), applies to decisions of the state superintendent only when the underlying decision of the county superintendent is made pursuant to § 20-3-210, MCA (1989). Therefore, we conclude that § 20-3-107, MCA (1989), is not applicable here.

The entire process for transferring territory from one high school district to another by means of a petition is contained in § 20-6-320, MCA (1989). In addition to providing for the initial decision-making by the county superintendent, § 20-6-320(4), MCA (1989), delineates the available procedures for review of that decision:

> (4) . . .[the order of the county superintendent] shall be final 20 days after its date unless it is appealed to the superintendent of public instruction by a resident of either district affected by the territory transfer. The decision of the superintendent of public instruction . . . is final 30 days after its date. [Emphasis added.]

Section 20-6-320(4), MCA (1989). The statutory language regarding appeal of the county superintendent's decision requires that an appeal be filed within the twenty-day period following the decision. This language clearly sets forth the legislature's

5

intent to provide both the opportunity for appeal from the county superintendent's decision and a specific time within which such an appeal must be taken.

The statutory language specifying when the decisions of the state superintendent and the county superintendent become final is similar. Because the language is similar, it is clear that the legislature intended a similar result; that is, the state superintendent's decision is final thirty days after its date, absent any appeal. Thus, we conclude that Lodge Grass was required to file its petition for judicial review within thirty days of the date of the state superintendent's decision.

Lodge Grass cites our decision in Trustees, Carbon Co. Sch. Dist. v. Spivey (1991), 247 Mont. 33, 805 P.2d 61, as authority for the application of the sixty-day period contained in § 20-3-107(2), MCA (1989), here. Spivey is distinguishable from, and not inconsistent with, the present case.

In Spivey, as here, we were faced with two different "statutes of limitations" for a petition for judicial review of a state superintendent's decision. The similarity, however, ends there. In Spivey, we rejected the plaintiff's argument that the thirty-day time limit contained in § 2-4-702(2)(a), MCA, applied. We determined that the sixty-day period in § 20-3-107(2), MCA, applied to a state superintendent's decision involving the termination of a tenure teacher because such a termination is a matter of controversy decided pursuant to § 20-3-210, MCA. Spivey, 805 P.2d at 63. We further reasoned that § 20-3-107, MCA, was a specific statute dealing with school district controversies, while § 2-4-

6

702, MCA, dealt with controversies arising from administrative agency decisions in general. **Spivey**, 805 **P.2d** at 63.

Here, §§ 20-3-210 and 20-3-107, MCA **(1989)**, are inapplicable by their terms. Superintendent Snively made her territory transfer decision pursuant to § 20-6-320, **MCA (1989)**, not § 20-3-210, MCA (1989). Moreover, this case does not involve two applicable statutes, one specific and one general: it involves, instead, one statute expressly applicable by its terms and one statute not applicable by its terms. Therefore, **Spivey** is inapposite here.

Superintendent **Keenan** issued her order on October 26, 1990. Pursuant to § **20-6-320(4), MCA (1989),** that decision became final on November 26, 1990, absent a petition for judicial review on or before that date. Lodge Grass filed its petition for judicial review on December 24, 1990. We hold that the District Court did not err in concluding that the petition was untimely and denying the Lodge Grass petition for judicial review.

Affirmed.

Karla M. Gray
Justice

We concur:

J. A. Turnage
Chief Justice

John Conway Harrison

Justices

7

March 22, 1994

## CERTIFICATE OF SERVICE

I hereby certify that the following certified order was sent by United States mail, prepaid, to the following named:

JAMES L. VOGEL
Attorney at Law
P.O. Box 525
Hardin, MT 59034

LAURENCE R. MARTIN
Michael K. Rapkoch
FELT, MARTION & FRAZIER, P.C.
P.O. Box 2558
Billings, MT 59103-2558

Christine Cooke
Big Horn County Attorney
P. 0. Drawer H
Hardin, MT 59034

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY:_____
Deputy