47 F.3d 1177
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Teri WHATLEY; Stephen Lehti, individually and as Personal
Representatives of the Estate of Lucille Lehti,
deceased; Patrick M. Lehti, M.D.;
Susan Hess, Plaintiffs-Appellants,
v.
UTAH MEDICAL INSURANCE ASSOCIATION, Defendant-Appellee.
 No. 93-35917.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 8, 1995.*
Decided Feb. 24, 1995.
 
 Before: TROTT, FERNANDEZ, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Teri Whatley, et al., ("Appellants") appeal the district court's grant of summary judgment in favor of defendant Utah Medical Insurance Association ("UMIA") regarding claims made against UMIA arising from a medical malpractice claim. We affirm.
 
 
 3
 A grant of summary judgment is reviewed de novo. Jesinger v. Nevada Fed. Credit Union, 24 F.3d 1127, 1130 (9th Cir.1994). The appellate court's review is governed by the same standard used by the trial court under Federal Rule of Civil Procedure 56(c). Id. The appellate court must determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. Id. The court must not weigh the evidence or determine the truth of that matter but only determine whether there is a genuine issue for trial. Id. at 1131. When a mixed question of fact and law involves undisputed underlying facts, summary judgment may be appropriately granted. Union School Dist. v. Smith, 15 F.3d 1519, 1523 (9th Cir.1994).
 
 
 4
 Furthermore, in reviewing the decision of the district court, we may affirm on any ground supported by the record, even if the district court relied on the wrong grounds. United States v. Washington, 969 F.2d 752, 755 (9th Cir.1992), cert. denied, 113 S.Ct. 1945 (1993).
 
 
 5
 * Sixty-day Grace Period
 
 
 6
 Appellants contend the district court erred in concluding a sixty-day grace period did not apply where the cancellation was requested by the insured. This contention is without merit.
 
 
 7
 The plain meaning of the relevant policy provision clearly indicates the sixty-day grace period following cancellation of the policy only applies where the policy is cancelled by the insurer. We cannot conclude "the wording or phraseology of [the policy] is reasonably subject to two different interpretations" such that the policy could be considered ambiguous. Universal Underwriters Ins. Co. v. State Farm Mut. Auto. Ins. Co., 531 P.2d 668, 673 (Mont.1975) (internal quotations omitted). "Ambiguity does not exist just because a claimant says so." Holmstrom v. Mutual Benefit Health & Accident Ass'n, 364 P.2d 1065, 1066 (Mont.1961). Because the policy is unambiguous, we are prohibited from interpreting the policy coverage "under the guise of ambiguity." Bauer Ranch v. Mountain W. Farm Bureau Mut. Ins. Co., 695 P.2d 1307, 1309 (Mont.1985).
 
 
 8
 In this case, it is undisputed UMIA was requested to cancel Dr. Escobar's policy. Therefore, the district court was correct in holding the sixty-day grace period did not apply and Appellants' claim was filed after the termination of the policy.
 
 II
 Standing to Challenge Cancellation
 
 9
 Appellants contend the district court erred in concluding Appellants did not have standing to challenge the effectiveness of the cancellation of the insurance policy. Appellants rely on Montana Code Annotated Sec. 33-18-242 for standing. Subsection (1) of that section provides:
 
 
 10
 (1) An insured or third-party claimant has an independent cause of action against an insurer for actual damages caused by the insurer's violation of subsection (1), (4), (5), (6), (9), or (13) of 33-18-201.
 
 
 11
 Mont.Code.Ann. Sec. 33-18-242(1). Section 33-18-201 provides in pertinent part:
 
 
 12
 No person may, with such frequency as to indicate a general business practice, do any of the following:
 
 
 13
 (1) misrepresent pertinent facts or insurance policy provisions relating to coverages at issue;
 
 
 14
 ....
 
 
 15
 (4) refuse to pay claims without conducting a reasonable investigation based upon all available information....
 
 
 16
 Mont.Code Ann. Sec. 33-18-201. Montana courts have held where plaintiffs allege they were injured by violations of section 33-18-201, they are third-party claimants within the meaning of section 33-18-242. O'Fallon v. Farmers Ins. Exchange, 859 P.2d 1008, 1013 (Mont.1993); Lough v. Ins. Co. of North America, 789 P.2d 576, 577 (Mont.1990).
 
 
 17
 UMIA cannot avoid this result by asserting there is no policy in effect and, therefore, nothing upon which to base third-party standing. To adopt this theory would allow insurers to avoid litigation simply by asserting the policy is no longer in effect. Third-parties would be denied the legal means necessary to ascertain whether the insurance company had acted honestly and fairly regarding the termination of the policy.
 
 
 18
 The better approach is to allow third-party standing to litigate any issues which, if resolved in the claimants favor, would tend to establish liability on the part of the alleged insurer. We conclude the district court erred in denying Appellants standing to litigate the issue of the cancellation of the insurance policy.[1]
 
 III
 Cancellation of the Policy
 
 19
 Appellants contend because the note requesting cancellation was unsigned, a factual issue remains as to whether the cancellation was authorized by Dr. Escobar.
 
 
 20
 UMIA supported its position that the cancellation was authorized by Dr. Escobar with affidavits and exhibits indicating UMIA attempted to confirm the cancellation by sending two certified letters to Dr. Escobar confirming receipt of his request for cancellation. UMIA satisfied its burden as the party moving for summary judgment of showing there was no genuine issue of material fact relating to the note requesting cancellation of the insurance. See Fed.R.Civ.P. 56(c).
 
 
 21
 By comparison, Appellants offered no specific factual allegations indicating the author of the handwritten cancellation was not authorized to cancel Dr. Escobar's insurance policy. Appellants were content to rely on the argument that because the author is unknown there must be an unresolved factual issue as to whether that person had authorization to cancel Dr. Escobar's insurance. This falls far short of Appellants' burden to counter UMIA's motion for summary judgment with "specific factual allegations revealing a genuine dispute of fact." Kaiser Cement Corp. v. Fischbach and Moore, Inc., 793 F.2d 1100, 1103 (9th Cir.1986) (internal quotations omitted). The record is barren of any evidence even remotely suggesting the cancellation was invalid.[2]
 
 IV
 
 22
 The district court was correct in concluding the sixty-day grace period did not apply in this case where the insurance policy was cancelled at the request of the insured. The district court did err in holding Appellants lacked standing to challenge the cancellation of the policy. Nevertheless, because we conclude the record does not establish a genuine issue of material fact as to whether the author of the handwritten note was authorized to request cancellation of Dr. Escobar's insurance policy, the district court's grant of summary judgment in favor of UMIA is affirmed.
 
 
 23
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because we hold Appellants have established third-party standing under section 33-18-242, we do not state an opinion on the issue of Appellants standing under principles of contract law
 
 
 [2]
 Appellants' contention that UMIA should be equitably estopped from asserting it was Dr. Escobar, and not UMIA, that cancelled the policy is meritless. Appellants' failure to show UMIA acted wrongfully in cancelling the policy renders the theory of equitable estoppel inapplicable to UMIA