NO. 95-511

IN THE SUPREME COURT OF THE STATE OF MONTANA

1996

MICHAEL PERIS, Personal Representative
of the Estate of George Peris, Deceased,

Plaintiff and Respondent,

v.

SAFECO INSURANCE COMPANY,

Defendant and Appellant.

FILED

MAY 17 1996

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

CERTIFIED QUESTION FROM:

The United States Court of Appeals for the Ninth Circuit,
Honorable Stephen Reinhardt, San Francisco, California

COUNSEL OF RECORD:

For Appellant:

Shelton C. Williams and Mark S. Williams (argued),
Williams and Ranney, Missoula, Montana

For Respondent:

James L. Jones (argued) and John G. Crist, Dorsey
and Whitney, Billings, Montana

Heard: March 28, 1996
Submitted: April 11, 1996
Decided: May 17, 1996

Filed:

_____
Clerk

Chief Justice J. A. Turnage delivered the Opinion of the Court.

The United States Court of Appeals for the Ninth Circuit has certified two questions to this Court herein, pursuant to Rule 44, M.R.App.P. The certified questions concern the effect, under Montana law, of certain terms of a motor vehicle insurance policy. Our answer to the first question is "yes" and to the second, "no."

The certified questions are:

1. Is an insured entitled to maintain a cause of action under §§ 33-18-201 and -242, MCA, for the insurance company's breach of its statutory obligation prior to either an adjudication of the underlying **claim** of the third party against the insured, or a written agreement by the insurance company settling the case, notwithstanding the "No Action" clause in the insured's policy?

**2.** Is the insured barred by a "No Action" clause in his insurance policy from maintaining an action under §§ 33-18-201 and -242, MCA, where he has entered into a settlement without objection from the insurance company and where the insurance company has contributed its policy **limits to** the settlement?

The Ninth Circuit Court of Appeals has submitted the following statement of facts:

> Plaintiff Michael Peris is the representative of the **estate of** George Peris, Safeco's insured. In December 1990, George was involved in an automobile accident in which John Stepan was injured. In the underlying action, Stepan sued George for his injuries. There was no question that the policy covered the accident and that George was responsible.
>
> During 1991 and 1992, upon receiving more information about Stepan's worsening condition, Safeco made a number of settlement offers, increasing in amount, which Stepan rejected and countered with his own offers.

2

First, in September 1991, Safeco offered to settle with Stepan for $8,960; Stepan offered to settle the claim for $100,000. Safeco responded by renewing its offer for $8,960 but offering up to $1,000 for any additional medical expenses to be incurred over the next 12 months. In November 1991, Stepan lowered his settlement offer to $65,000. In December 1991, Stepan was diagnosed with a potentially lifelong ailment, which led Safeco to increase its offer to $13,086. In January 1992, Stepan retained counsel and filed suit against Peris. In February 1992, Stepan offered to settle for $100,000, the limit on Peris' Safeco policy; in return, Safeco offered to settle for $15,000. In March 1992, Peris told Safeco that he was concerned about an excess verdict and would hold Safeco responsible if it failed to settle the case within its policy limits; Safeco increased its offer to $25,000.

In September 1992, Peris again asked Safeco to settle the case within policy limits or to accept responsibility for an excess verdict. In February 1993, Stepan offered to settle for $165,000. On March 12, 1993, Vucurovich--counsel whom Safeco had hired to represent Peris in the case--advised Safeco that "[t]here are significant dangers that this case could possibly exceed the policy limits." Safeco then offered to settle for $100,000. Stepan countered with a demand for $150,000. Safeco refused to pay more than $100,000 and advised Peris that he would be responsible for any excess verdict over that amount.

On March 22, 1993, Peris and his personal attorney met with Vucurovich. They discussed the various risks involved. When the question of Peris' entering into a direct settlement with Stepan came up, Vucurovich told Peris, "It's your call." Peris then entered into negotiations with Stepan and made an offer of $140,000, which Stepan's attorney agreed to recommend to his client. Peris asked Safeco to split the amount over $100,000 up to $140,000 on a 50-50 basis; Safeco refused. Peris then settled the case by paying $135,894.85, consisting of $100,000 from Safeco and $35,894.85 from Peris' estate. Peris again asked Safeco to pay half of the excess and Safeco again refused.

Peris sued Safeco in the Butte Division of the United States District Court, alleging that Safeco violated Montana statutes prohibiting unfair claim settlement practices by insurance companies. The Ninth Circuit Court's statement of facts continues:

3

At the end of the trial, the jury returned a verdict of $35,894.85 compensatory and $250,000 punitive damages. On appeal, Safeco argues that plaintiff's claim is barred by the "No Action" clause of the policy which states in relevant part:

§ 5 The insured shall not except at his own cost, voluntarily make any payment other than for such immediate medical and surgical relief to others as shall be imperative at the time of accident.

§ 6 . . No action shall lie against the company until after full compliance with all the terms of this policy nor <u>until the amount of the insured's obligation to pay shall have been finally determined either by judgment against the insured after actual trial or by written agreement of the insured, the claimant and the company</u>. (Emphasis added.)

Safeco argues that the emphasized language in the policy bars plaintiff's action since he unilaterally settled the case with Stepan. Plaintiff contends that Safeco's defense is barred by, <u>inter alia</u>, the Montana Unfair Claims Settlement Practices Act. Mont. Code Ann. § 33-18-242(1), (3)

Safeco appealed to the Ninth Circuit Court of Appeals, which has certified to this Court the following questions of Montana law.

Issue 1

Is an insured entitled to maintain a cause of action under §§ 33-18-201 and -242, MCA, for the insurance company's breach of its statutory obligation prior to either an adjudication of the underlying claim of the third party against the insured, or a written agreement by the insurance company settling the case, notwithstanding the "No Action" clause in the insured's policy?

The statutes cited are part of Title 33, Chapter 18, MCA, which is entitled "Unfair Trade Practices" (the Act). The purpose of the Act is to define and prohibit unfair methods of competition

4

and unfair or deceptive acts or practices in the insurance business. Section 33-18-101, MCA

Section 33-18-201, MCA, provides, in relevant part:

Unfair **claim settlement practices prohibited. No person** may, with such frequency as to indicate a **general** business practice, do any of the following:

    (4) refuse to pay claims without conducting a reasonable investigation based upon all available information;

    (6) neglect to attempt in good faith to effectuate prompt, fair, and equitable settlements of claims in which liability has become reasonably clear[.]

Section 33-18-242, MCA, provides:

**Independent cause of action--burden of proof.** (1) An insured or a third-party claimant has an independent cause of action against an insurer for actual damages caused by the insurer's violation of subsection (1),(4), (5), (6), (9), or (13) of 33-18-201.

    (2) In an action under this section, a plaintiff is not required to prove that the violations were of such frequency as to indicate a general business practice.

    (3) An insured who has suffered damages as a result of the handling of an insurance claim may bring an action against the insurer for breach of the insurance contract, for fraud, or pursuant to this section, but not under any other theory or cause of action. An insured may not bring an action for bad faith in connection with the handling of an insurance claim.

    (4) In an action under this section, the court or jury may award such damages as were proximately caused by the violation of subsection (1), (4), (5), (6), (9), or (13) of 33-18-201. Exemplary damages may also be assessed in accordance with 27-L-221.

    (5) An insurer may not be held liable under this section if the insurer had a reasonable basis in law or in fact for contesting the claim or the amount of the claim, whichever is in issue.

5

(6) (a) An insured may file an action under this section, together with any other cause of action the insured has against the insurer. Actions may be bifurcated for trial where justice so requires.

(b) A third-party claimant may not file an action under this section until after the underlying claim has been settled or a judgment entered in favor of the claimant on the underlying claim.

(7) The period prescribed for commencement of an action under this section is:

(a) for an insured, within 2 years from the date of the violation of 33-18-201; and

(b) for a third-party claimant, within 1 year from the date of the settlement of or the entry of judgment on the underlying claim.

(8) As used in this section, an insurer includes a person, firm, or corporation utilizing self-insurance to pay claims made against them.

Safeco argues that the above provisions are not invoked in this case because Peris' payment under settlement with Stepan occurred without the entry of a judgment in Stepan's favor. Safeco's position is that such a "voluntary" payment is outside the protections of the Act.

Safeco cites Fode v. Farmers Ins. Exchange (1986), 221 Mont. 282, 719 P.2d 414, as authority for its position. In Fode this Court held that proceedings in a bad faith case against an insurer alleging statutory violations which require a showing that liability be reasonably clear may not be conducted until "the liability issues of the underlying case have been determined either by settlement or judgment." Fode, 719 P.2d at 417.

However, § 33-18-242, MCA, was not enacted until a year after Fode was decided. Because this Court did not interpret the statute here at issue in Fode, Fode is not controlling. "Although both parties rely heavily on [Fode], we conclude that § 33-18-242, MCA,

6

enacted in 1987, is controlling." Lough v. Insurance Co. of North America (1990), 242 Mont. 171, 173, 789 P.2d 576, 578.

The purpose of a court's interpretation of a statute is to effectuate the intent of the legislature. Pretty On Top v. Snively (1994), 266 Mont. 45, 47, 879 P.2d 49, 50. If the intent of the legislature can be determined from the plain meaning of the words used, the court may not go further or apply other means of construction. Wunderlich v. Lumbermens Mut. Cas. Co. (1995), 270 Mont. 404, 410, 892 P.2d 563, 567. When the language of a statute is plain, unambiguous, direct and certain, the statute speaks for itself and there is nothing left for the court to construe. State v. Mummey (1994), 264 Mont. 272, 277, 871 P.2d 868, 871.

In analyzing the question before us, we first focus our attention on subsection (6) of § 33-18-242, MCA. Part (b) of that subsection prohibits a third-party claimant from filing an action under the Act until the underlying claim has been settled or a judgment has been entered in favor of the claimant on the underlying claim. Part (a) of subsection (6) is addressed to claims filed by the insured. In contrast to part (b), part (a) does not prohibit an insured from filing an action prior to settlement or judgment upon the underlying claim.

If, as Safeco argues, the legislature had wanted to subject insureds' claims requiring a showing that liability is reasonably clear to the same restrictions as the legislature placed on third-party claims, it could easily have done so. It did not. The existence of such a statutory restriction on third-party claims,

and its absence as to any claims by insureds, indicates that the legislature did not intend to require the adjudication or settlement of the underlying claim as a precondition to the insured's filing of a claim for violation of the Act.

The text of subsection (6)(a) supplies additional information on the intent of the legislature. Subsection (6)(a) provides that actions including claims under the Act "may be bifurcated for trial where justice so requires." Section 33-18-242(6)(a), MCA. If, as Safeco argues, a statutory claim may never be brought until the underlying claim is resolved, it would be pointless for the legislature to give courts the discretion to bifurcate the insured's statutory claim from the underlying action. This Court presumes that the legislature does not pass meaningless legislation. Crist v. Segna (1981), 191 Mont. 210, 212, 622 P.2d 1028, 1029.

Further, the legislature has established different statutes of limitation for claims by insureds and claims by third parties. An insured must bring his claim within two years of the date of the violation. Section 33-18-242(7)(a), MCA. A third-party claimant must bring his claim within a year of the date of "settlement of or the entry of judgment on the underlying claim." Section 33-18-242(7)(b), MCA. By creating two different statutes of limitation, the legislature has accommodated the concept that third-party claims may not be brought until the settlement or adjudication of the underlying claim, while claims by the insured may be brought at any time.

8

We conclude that under the plain language of § 33-18-242, MCA, it is not necessary that settlement be approved by the insurer or judgment be rendered before an insured may file a cause of action against his or her insurer alleging violation of the Act. We now proceed to examine the effect, if any, of the "No Action" clause in Safeco's insurance policy.

Safeco argues that the "No Action" clause in the insurance contract, §§ 5 and 6 set forth in the statement of facts above, creates a requirement which limits its liability under the Act. However, Montana law does not allow an insurer to change statutory requirements by creating new hurdles in its contracts

> All contracts which have for their object, directly or indirectly, to exempt anyone from responsibility for his own fraud, for willful injury to the person or property of another, or for violation of law, whether willful or negligent, are against the policy of the law.

Section 28-2-702, MCA. The Safeco insurance policy itself provides, at paragraph 19 under Conditions:

> Terms of Policy Conformed to Statute. Terms of this policy which are in conflict with the statutes of the State wherein this policy is issued are hereby amended to conform to such statutes.

Section 33-18-242, MCA, clearly overrides the "No Action" clause of the insurance policy.

We hold that the answer to the Ninth Circuit Court's first certified question is "yes." Under Montana law, an insured is entitled to maintain a cause of action under the Act prior to either an adjudication of the underlying claim of the third party against the insured or a written agreement by the insurance company

9

settling the case, notwithstanding a "No Action" clause in the insured's policy.

## Issue 2

Is the insured barred by a "No Action" clause in his insurance policy from maintaining an action under §§ 33-18-201 and -242, MCA, where he has entered into a settlement without objection from the insurance company and where the insurance company has contributed its policy limits to the settlement?

Neither party has argued any particular effects of the absence of objection by Safeco to the settlement entered, or of Safeco's contribution of its policy limits to the settlement. In its arguments under this certified question, Safeco instead contends that Peris' interpretation of the Act places control of the settlement process in the hands of the insured. Safeco asserts that this encourages collusion between insureds and injured third parties, and that it automatically makes the insurer responsible for voluntary payments by the insured.

Safeco's arguments overlook the requirement that, to prevail under the Act, an insured has the burden of proving violation thereof to an impartial finder of fact. Here, Safeco passed up several opportunities to settle within policy limits. It informed Peris, as to the advisability of direct settlement, that "It's your call." Nevertheless, Safeco's own attorney opined prior to settlement that a trial posed "significant dangers that this case could possibly exceed the policy limits." Safeco was aware of the settlement offer and of Peris' decision to accept it. Finally, and

10

critically, a jury in the Butte Federal District court has determined, after hearing all the evidence, that Safeco's practices violated the Act.

Good policy reasons exist for allowing an insured to file a claim against the insurer prior to approved settlement or judgment.

> Following an insurer's breach of its duty to settle, the only condition precedent to a cause of action is damages. There is no logical reason why those damages must take the form of an excess judgment as opposed to a reasonable settlement in excess of the policy limits. In fact, to so hold would penalize an insured for merely acting prudently. The insured, being faced with the potential of an adverse judgment in excess of policy limits, should not be forced to ignore advantageous settlement offers on the grounds that to accept such an offer would deprive the insured of extracontractual rights against the insurer.

Allen D. Windt, Insurance Claims and Disputes § 5.17 at p. 333 (1995).

Safeco makes a bald assertion that to allow Peris' suit against it is contrary to the Contract Clause of the United States Constitution because the charge impairs the essence of the insurance contract. Safeco provides no authority for this assertion.

Safeco also cites case law from California and other jurisdictions concerning when an insured may file a bad faith claim against his insurer. E.g., Messersmith v. Mid-Century Ins. Co. (Cal.App. 4 Dist. 1995), 43 Cal.Rptr.2d 871. We point out that our answers to the questions here presented are based upon the Montana statutes discussed above. Case law from other jurisdictions concerning the common law tort of bad faith, in which the above statutes do not control, is of minimal persuasive value.

We conclude that the "No Action" clause does not bar Peris' action against Safeco under §§ 33-18-201 and -242, MCA, where there was no objection by Safeco **to** the **settlement** and where Safeco contributed the policy limits to the settlement. The answer to the Ninth Circuit Court of Appeals' second question is "no."

_____
Chief Justice

**We concur:**

_____
_____
_____
_____
_____

_____
Justices

12

May 17, 1996

CERTIFICATE OF SERVICE

I hereby certify that the following certified order was sent by United States mail, prepaid, to the following named:


Shelton C. Williams, Esq.; Mark S. Williams, Esq.
Williams & Ranney, P.C.
235 E. Pine, P.O. Box 9440
Missoula, MT 59807-9440

James L. Jones, Esq.; John G. Crist, Esq.
Dorsey & Whitney, P.L.L.P.
P.O. Box 7188
Billings, MT 59103

Cathy A. Catterson, Clerk
U.S. Court of Appeals, Ninth Circuit
P.O. Box 193939
San Francisco, CA 94119-3939

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY:_____
Deputy