No. 97-699

IN THE SUPREME COURT OF THE STATE OF MONTANA

1998 MT 91


RANDY SMITH,

Petitioner and Appellant,

v.

BOARD OF HORSE RACING,

Respondent and Respondent.



APPEAL FROM:   District Court of the First Judicial District,
In and for the County of Lewis and Clark,
The Honorable Jeffrey M. Sherlock, Judge presiding.


COUNSEL OF RECORD:

For Appellant:

Peter Michael Meloy; Meloy & Morrison, Helena, Montana

For Respondent:

Carol Grell, Special Assistant Attorney General, Department

of Commerce, Board of Horse Racing, Helena, Montana



Submitted on Briefs: March 26, 1998

Decided:   April 30, 1998
Filed:


_____
Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1    Randy Smith (Randy) appeals from the decision of the First Judicial District Court, Lewis and Clark County, affirming the decision of the Board of Horse Racing (Board).  Randy asserts that Rule 8.22.302, ARM, which requires that the Board defer to a steward's decision disqualifying a racehorse, deprives him of due process.  The District Court held that Randy failed to make an affirmative showing that he was denied due process and affirmed the decision of the Board.  We reverse.

## Background

¶2    Mickey's Hot Sauce, a thoroughbred race horse owned and trained by Randy, entered and ran as the number 1 horse in a feature race at the Budweiser Derby held at the Montana State Fair.  This race was a "stakes race" which requires each participant to pay a series of fees to enter the race.  The payments are distributed among the top finishers in the race.   Mickey's Hot Sauce came in first in the eleventh race, but was disqualified following the protests of the trainers of the number 6 and number 7 horses.  The protesting trainers contended that when Mickey's Hot Sauce was approaching the final turn heading into the stretch, the horse moved to the rail without having sufficient room. This move caused the jockeys of the number 6 and number 7 horses to "check" or pull back on their horses.

¶3    When a protest is filed, the stewards are vested with authority to rule on the protest by reviewing video tape replays of the race.  This process occurs immediately after the race so that winning wagers can be paid.  The State Fair race track has three camera stations, a "head-on" view at the starting gate, a "backside" view behind the gate, and a "pan view" from the top of the grandstand which simulates the view observed by the racing fans.  For some unexplained reason, the "head-on" and "backside" views were not available for the eleventh race.  The stewards viewed the "pan view" replay which showed a parallel view of the horses at the time of the alleged interference by Mickey's Hot Sauce.  The stewards, after viewing the tape and without consulting with Randy, determined that Mickey's Hot Sauce obstructed the other horses and disqualified Mickey's Hot Sauce.  As a result, Randy lost the first place purse.

¶4    In the event an owner is dissatisfied with the stewards' ruling, he may appeal the decision to the Board.  Randy appealed the stewards' decision.  The Board held an en banc hearing pursuant to the contested case provisions of the Montana Administrative Procedure Act.  The Board determined that Rule 8.22.302, ARM, precluded it from substituting its judgment for that of the stewards on questions of fact and voted to affirm the stewards' decision.  Randy appealed the Board's decision to the District Court asserting that his due process rights had been violated by the Board's deference to the stewards' decision.  The District Court found that, since Randy was allowed meaningful participation in the Board hearing he was not deprived of due process.  The District Court affirmed the decision of the Board.  Randy appeals the District Court's decision to this Court.  Randy presents one issue on appeal: Did the

Board of Horse Racing deprive Randy of due process by deferring to the stewards' decision pursuant to Rule 8.22.302, ARM?

### Discussion

¶5    This Court's standard for reviewing a district court's conclusions of law is whether the court's interpretation of the law is correct.  Steer, Inc. v. Department of Revenue (1990), 245 Mont. 470, 474, 803 P.2d 601, 603.  The District Court concluded that Randy was allowed meaningful participation in the case and thus was not denied due process.  We review this conclusion to determine whether the District Court properly interpreted Montana's constitutional guarantee to due process.

¶6    Rule 8.22.302, ARM, provides that "[o]n review of a stewards' decision disqualifying a horse in a race, the board shall not substitute its judgment for (second guess) that of the stewards as to the weight of the evidence on questions of fact."  State steward Bob Bird, who appeared at the Board hearing, reviewed the video tape and the stewards' decision that Mickey's Hot Sauce interfered with the number 6 and number 7 horses in the far turn of the eleventh race.  In contrast, Randy testified that Mickey's Hot Sauce was running in a straight pattern, maintained his path and did not interfere with the other horses.  The Board's findings of fact and conclusions of law indicate that pursuant to Rule 8.22.302's requirement that, as to questions of fact, the Board not substitute its judgment for that of the stewards, the Board was required to accept the stewards' findings as to the facts of the race over the testimony of Randy.  As a result, the Board affirmed the decision of the stewards to disqualify Mickey's Hot Sauce.

¶7    The  District Court determined that Randy "was allowed meaningful participation in the case" because he was allowed to testify and cross-examine the steward.  The District Court further determined that Randy had the burden of showing that the procedure used by the Board somehow violated his rights and concluded that Randy failed to make an affirmative showing that he was deprived of due process.

¶8    Randy argues that it was not the "procedure" used by the Board at the hearing, but rather, the Board's interpretation of Rule 8.22.302, ARM, as requiring deference to the stewards' determination of the facts that deprived him of due process.  In other words, Randy argues that since the issue of whether Mickey's Hot Sauce interfered with the other horses was one of fact, and since Rule 8.22.302, ARM, requires that the Board defer to the stewards' determination on questions of fact, there was no point in having a Board hearing and allowing Randy to present evidence because, in accordance with the Rule, the evidence necessarily fell on deaf ears.  By that point, the decision was a fait accompli.

¶9    Moreover, Randy asserts that he should have been allowed to discuss the decision with the stewards on the day of the race.  The trainers of the number 6 and number 7 horses were allowed to present their arguments to the stewards, but Randy, who was disqualified, was not even contacted or given an opportunity to present his argument before the stewards made their

decision. Thus, Randy argues that he was not given a meaningful opportunity to be heard on the day of the race when the stewards made their decision or at the hearing when the Board simply deferred to the decision of the stewards. Randy, owner of "Mickey's Hot Sauce," cites Mick Jagger and the Rolling Stones for the proposition that "You can't always get what you want, But if you try sometimes you just might find You'll get what you need!" Although it is somewhat daunting to contemplate the needs of a steed named "Mickey's Hot Sauce," for purposes of this appeal we presume that what he needs is a hearing.

¶10 The State argues that Randy was accorded due process of law in that he was allowed to appeal, was given proper notice of the hearing including the date, time, and place of the hearing and fully participated in the process at the Board level. Accordingly, the State contends that the District Court correctly affirmed the Board.

¶11 The State's position, however, fails to consider the fact that Randy was denied any opportunity to be heard by the persons making the final decision on the facts, i.e., the stewards. The fundamental requirement of due process is the opportunity to be heard "at a meaningful time and in a meaningful manner." Connell v. State, Dept. of Social Services (1997), 280 Mont. 491, 496, 930 P.2d 88, 91; Small v. McRae (1982), 200 Mont. 497, 506, 651 P.2d 982, 987. Due process is not a fixed concept as the State would have us believe, "rather, is one which must be tailored to each situation in such a way that it meets the needs and protects the interests of the various parties involved." Small, 651 P.2d at 988. Furthermore, "due process mandates that an administrative hearing will constitute a fair trial, conducted in accordance with fundamental principles of fair play and applicable procedural standards established by law." Connell, 930 P.2d at 91 (citation omitted).

¶12 We determine that the stewards' failure to contact Randy regarding their decision the day of the race denied Randy an opportunity to be heard. Moreover, the Board's deference to the stewards' determination of the facts, although in accordance with Rule 8.22.302, ARM, resulted in a hearing which violated fundamental principles of fair play. Rule 8.22.302's requirement that the Board defer to the stewards on questions of fact is unconstitutional as applied to a situation such as this where the stewards made their factual determination without affording both sides an opportunity to be heard. Such deference is only appropriate if the stewards have weighed the factual contentions of both sides of the dispute. When, as here, the stewards have not given both sides an opportunity to be heard, the Board should not defer to the stewards. Rather, it should conduct a de novo hearing and make its own findings of fact. Ultimately, there is no guarantee that Randy will get what he "wants." If not, he, like Mick Jagger, will be lamenting "I can't get no satisfaction." Although due process does not guarantee "satisfaction," it does guarantee that he be allowed a chance to make out a case for satisfaction. We reverse the decision of the District Court and remand this matter to the Board for a de novo administrative hearing.

/S/ W. WILLIAM LEAPHART

We concur:
/S/  J. A.  TURNAGE
/S/  JIM REGNIER
/S/  KARLA M. GRAY
/S/  WILLIAM E. HUNT, SR.