No. 99-165

IN THE SUPREME COURT OF THE STATE OF MONTANA

2000 MT 131

300 Mont. 16

3 P. 3d 603

STUART J. PICKENS,

Petitioner and Appellant,

v.

LYNNETTE SHELTON-THOMPSON and

STATE OF MONTANA, DEPARTMENT OF

PUBLIC HEALTH AND HUMAN SERVICES,

CHILD SUPPORT ENFORCEMENT DIVISION,

Respondents and Respondents.

APPEAL FROM: District Court of the Fourth Judicial District,

In and for the County of Missoula,

The Honorable Ed McLean, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Paul Neal Cooley; Skelton & Cooley, Missoula, Montana

For Respondents:

Charles W. Schuyler; Marsillo & Schuyler, Missoula, Montana

(for Lynnette Shelton-Thompson)

Gail Hammer, Department of Public Health & Human Services,

Child Support Enforcement Division, Missoula, Montana

(for Child Support Enforcement Division)

Submitted on Briefs: September 30, 1999

Decided: May 23, 2000

Filed:

_____

Clerk

Justice Karla M. Gray delivered the Opinion of the Court.

¶1 Stuart Jonathan Pickens (Pickens) appeals from the judgments entered by the Fourth Judicial District Court, Missoula County, on orders dismissing his two petitions for judicial review of a decision and order from the State of Montana, Department of Public Health and Human Services, Child Support Enforcement Division (CSED), determining the amount of his current and past due child support obligation. We reverse and remand for further proceedings.

¶2 Pickens raises a number of issues on appeal. The dispositive issue, however, is whether the District Court's dismissal of Pickens' first petition for judicial review for lack of subject matter jurisdiction based on his failure to comply with the requirements of § 40-5-

253, MCA, violated Pickens' right to due process of law.

## BACKGROUND

¶3 In 1995, Lynette Shelton-Thompson (Shelton-Thompson) applied to CSED for assistance in obtaining child support from Pickens for their daughter. CSED initiated an administrative action to determine the amount of Pickens' child support obligation and, in August of 1998, an administrative law judge (ALJ) conducted a contested case hearing on that issue. On August 28, 1998, the ALJ entered a decision and order determining the amount of Pickens' current and past due child support obligation. The ALJ's order included a paragraph notifying the parties of their statutory right to petition for judicial review of the decision under the Montana Administrative Procedure Act (MAPA), Title 2, Chapter 4, Part 7 of the Montana Code Annotated. The notice did not refer to § 40-5-253, MCA, which contains more specific procedural requirements for appealing from an administrative decision in a child support enforcement case than those found in the MAPA.

¶4 Pickens timely filed a petition for judicial review of the ALJ's order and mailed copies of the petition to Shelton-Thompson and CSED. CSED subsequently moved the District Court to dismiss the petition for lack of jurisdiction because Pickens had failed to properly serve the parties as required by § 40-5-253, MCA. The District Court concluded that it lacked subject matter jurisdiction over the petition because Pickens failed to comply with the requirements of § 40-5-253, MCA, granted CSED's motion and dismissed Pickens' petition. Pickens moved the court to amend or reconsider its order dismissing his petition. He argued, *inter alia*, that application of § 40-5-253, MCA, in this case violated his constitutional right to due process of law. His motion subsequently was deemed denied by operation of Rule 59(g), M.R.Civ.P.

¶5 While Pickens' motion to amend or reconsider was pending in the District Court, he requested the ALJ to amend the underlying decision, asserting that the failure to refer to § 40-5-253, MCA, in the order's notice provision was a clerical error which should be corrected. On February 2, 1999, the ALJ entered its Order Correcting Clerical Error, which added a reference to § 40-5-253, MCA, to the notice provision of the earlier order.

¶6 On February 25, 1999, Pickens appealed from the ALJ's amended order by filing a complaint under a new cause number. CSED moved to dismiss, asserting that the complaint was actually a petition for judicial review of the ALJ's original decision and the court lacked jurisdiction because the complaint was not timely filed. The District Court

deemed the complaint a petition for judicial review, granted CSED's motion to dismiss and entered judgment on the dismissal. Pickens appeals from the orders dismissing each of his actions.

## STANDARD OF REVIEW

¶7 We review a district court's ruling on a motion to dismiss to determine whether the court abused its discretion. In re McGurran, 1999 MT 192, ¶ 7, 295 Mont. 357, ¶ 7, 983 P.2d 968, ¶ 7 (citation omitted). However, a court's determination that it lacks subject matter jurisdiction is a conclusion of law which we review to determine whether the court's interpretation of the law is correct. In re McGurran, ¶ 7 (citation omitted). Moreover, constitutional issues raise questions of law and our review of such questions is plenary. See State v. Schnittgen (1996), 277 Mont. 291, 295, 922 P.2d 500, 503.

## DISCUSSION

¶8 Did the District Court's dismissal of Pickens' first petition for judicial review for lack of subject matter jurisdiction based on his failure to comply with the requirements of § 40-5-253, MCA, violate Pickens' right to due process of law?

¶9 The notice provision in the ALJ's decision and order informed Pickens that he had a right to petition for judicial review of the decision under the MAPA, which provides procedures by which parties may obtain judicial review of administrative decisions in contested cases. Pursuant to the MAPA, a party may appeal an administrative decision by filing a petition for judicial review in the appropriate district court within 30 days of service of the decision and promptly serving copies of the petition on the agency involved and all parties of record. Section 2-4-702(2)(a), MCA.

¶10 Proper service of a petition for judicial review is a threshold requirement for a district court to obtain subject matter jurisdiction over the case. Fife v. Martin (1993), 261 Mont. 471, 477, 863 P.2d 403, 407 (*overruled on other grounds by* Hilands Golf Club v. Ashmore (1996), 277 Mont. 324, 331, 922 P.2d 469, 473). In that regard, we have held that a petition for judicial review under the MAPA may be properly served by mailing copies of the petition to the agency and other parties; there is no requirement that a summons be issued and served in conjunction with the petition. Hilands, 277 Mont. at 332, 922 P.2d at 474. Here, Pickens timely filed his petition for judicial review in the District Court on September 24, 1998, and mailed copies of the petition to CSED and Shelton-

Thompson on or about the same date, thus fulfilling the service requirements established under the MAPA and Hilands.

¶11 Where a statute provides different procedural requirements for judicial review of decisions from a specified agency, however, the requirements of the specific statute prevail over the provisions of the MAPA. Trustees, Carbon Cty. Sch. v. Spivey (1991), 247 Mont. 33, 36, 805 P.2d 61, 63 (citing Department of Revenue v. Davidson Cattle Co. (1980), 190 Mont. 326, 329, 620 P.2d 1232, 1234). Section 40-5-253, MCA, provides specific procedural requirements for judicial review of a CSED administrative decision which differ from the MAPA requirements set forth above. With regard to the service of petitions for judicial review in CSED actions, § 40-5-253(4), MCA, provides that

> [a] summons must be issued and served under Rule 4, Montana Rules of Civil Procedure, upon the child support enforcement division of the department and each party, along with the petition for judicial review. . . . The district court does not obtain jurisdiction unless the petition for judicial review is served on all parties within 30 days after the petition is filed with the district court.

¶12 CSED moved the District Court to dismiss Pickens' petition on the basis that § 40-5-253(4), MCA, required him to issue and serve a summons within 30 days of filing his petition and, because he failed to do so, the court did not have jurisdiction over the case. The District Court agreed and granted the motion to dismiss. Pickens then moved the court to amend or reconsider its order of dismissal, asserting that application of § 40-5-253, MCA, in this case violated his right to due process of law. The District Court implicitly rejected his argument in this regard and Pickens asserts error.

¶13 Article II, Section 17 of the Montana Constitution provides that "[n]o person shall be deprived of life, liberty, or property without due process of law." As Pickens observes, we have stated that "due process generally requires notice of a proposed action which could result in depriving a person of a property interest and the opportunity to be heard regarding that action." Dorwart v. Caraway, 1998 MT 191, ¶ 76, 290 Mont. 196, ¶ 76, 966 P.2d 1121, ¶ 76. Pickens argues that application of § 40-5-253, MCA, in this case violates his right to due process of law because he did not receive sufficient notice of the procedures by which to obtain judicial review of the ALJ's decision.

¶14 Pickens contends that due process requires not only that he be given notice of his right to judicial review, but also notice of the specific procedures by which to obtain such

review. He further contends that notice which is inaccurate or misleading is insufficient to satisfy due process. According to Pickens, the notice provision in this case was misleading and did not give sufficient notice of the procedures by which to appeal the ALJ's decision because it mentioned only § 2-4-702, MCA, and that statute does not refer to the different procedural requirements applicable to CSED actions as set forth in § 40-5-253, MCA.

¶15 Notice sufficient to comport with due process is that which is reasonably calculated, under all circumstances, to inform parties of proceedings which may directly affect their legally protected interests. Montana Power Co. v. Public Service Com'n (1983), 206 Mont. 359, 368, 671 P.2d 604, 609; Mullane v. Central Hanover Bank & Trust Co. (1950), 339 U. S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865, 873. Where due process requires notice, notice which is a mere gesture is insufficient. Mullane, 339 U.S. at 315, 70 S.Ct. at 657, 94 L.Ed. at 874. The notice must reasonably convey the required information and "[t]he means employed must be such as one desirous of actually informing . . . might reasonably adopt to accomplish it." Mullane, 339 U.S. at 314-15, 70 S.Ct. at 657, 94 L.Ed. at 874. Moreover, when applying these guidelines to determine whether a party received adequate notice, it must be remembered that due process is a flexible concept and should be tailored to the circumstances of each case in a manner that meets the needs and protects the interests of the parties involved. See Smith v. Board of Horse Racing, 1998 MT 91, ¶ 11, 288 Mont. 249, ¶ 11, 956 P.2d 752, ¶11 (citation omitted).

¶16 Pickens cites Dorwart in support of his argument that applying § 40-5-253, MCA, in this case violates his due process rights. In Dorwart, we held that Montana's post-judgment execution statutes violated the plaintiff's constitutional right to due process in part because they failed to provide any means by which to notify a judgment debtor that procedures exist to claim exemptions from execution on personal property. Dorwart, ¶ 103. In discussing this notice requirement, however, we stated only that due process requires notice to the debtor that such procedures are available. Here, it is clear that the notice provision in the ALJ's decision and order notified Pickens that procedures existed by which to obtain judicial review of the decision, thus satisfying the due process requirements set forth in Dorwart.

¶17 The notice provision went on to inform Pickens, however, that judicial review was governed by the provisions of the MAPA. This portion of the notice is misleading because, by omitting any reference to the different procedural requirements for CSED actions contained in § 40-5-253, MCA, it implies that judicial review is governed exclusively by the MAPA. In Dorwart, we did not address or determine whether due

process requires the notice to include details of the procedural requirements for claiming exemptions; nor did we address whether a misleading or inaccurate notice is sufficient to meet due process requirements. Consequently, Dorwart is of no assistance here.

¶18 Neither party cites--nor have we found--any Montana cases addressing whether inaccurate or misleading notice is sufficient for due process purposes. Federal courts have addressed this issue, however, and have determined that notice which is confusing, misleading or inaccurate is insufficient to meet procedural due process requirements under the United States Constitution because such notice does not adequately safeguard a person's concomitant due process right of an opportunity to be heard. See, e.g., Walters v. Reno (9th Cir. 1998), 145 F.3d 1032, 1043; Gonzalez v. Sullivan (9th Cir. 1990), 914 F.2d 1197, 1203. "A primary purpose of the notice required by the Due Process Clause is to ensure that the opportunity for a hearing is meaningful." City of West Covina v. Perkins (1999), 525 U.S. 234, 240, 119 S.Ct. 678, 681, 142 L.Ed.2d 636, 642 (citing Mullane, 339 U.S. at 314, 70 S.Ct. at 657, 94 L.Ed. at 873). The opportunity to be heard is not meaningful if the notice provided does not accurately inform the person to whom it is given of how to take advantage of that opportunity.

¶19 We adopt the federal interpretations of the due process notice requirement in this regard. Here, Pickens received notice of his opportunity to be heard via judicial review, but that notice misled him into believing that such judicial review was governed solely by the procedures set forth in the MAPA. While the notice contained information regarding procedures by which to obtain judicial review, it did not do so in a manner reasonably calculated under the circumstances to convey the required information. See Montana Power Co., 206 Mont. at 368, 671 P.2d at 609; Mullane, 339 U.S. at 314, 70 S.Ct. at 657, 94 L.Ed. at 873. Consequently, although Pickens met the MAPA service requirements, his reliance on the information contained in the ALJ's notice provision resulted in his failure to properly serve his petition pursuant to § 40-5-253, MCA, and, ultimately, to his being denied a meaningful opportunity to be heard.

¶20 Notwithstanding the absence of any reference to § 40-5-253, MCA, in the ALJ's notice provision, CSED asserts that Pickens had sufficient notice of the statute's service requirements. It contends that, at the time the § 40-5-253, MCA, service requirements went into effect, it notified attorneys of the new requirements via letters to all members of the State Bar of Montana and an article in the State Bar's publication. CSED also urges that it makes available to anyone requesting it a free information packet detailing the procedures for obtaining judicial review of a CSED action. CSED further points out that

the statute governing the procedures for administrative hearings in CSED actions refers to § 40-5-253, MCA. On this basis, CSED argues that Pickens and his attorney should have been aware of the § 40-5-253, MCA, service requirements. CSED's argument is unpersuasive in light of the fact that, despite its described efforts to inform the public and legal community of the § 40-5-253, MCA, requirements, even its own ALJ apparently was not aware of the statute's requirements.

¶21 We conclude that, under these circumstances, the notice provision in the ALJ's decision and order did not provide notice to Pickens adequate to meet due process requirements and, consequently, application of the § 40-5-253, MCA, service requirements in this case would violate Pickens' right to due process of law. We further conclude that, under these unique circumstances, Pickens' petition for judicial review must be governed by the service requirements set forth in the MAPA and Hilands, and of which Pickens received notice.

¶22 The MAPA requirements were met in this case. As a result, the District Court obtained subject matter jurisdiction over Pickens' petition. We hold that the District Court's dismissal of Pickens' first petition for judicial review based on his failure to comply with the requirements of § 40-5-253, MCA, violated Pickens' right to due process of law and constituted an abuse of discretion.

¶23 Reversed and remanded for further proceedings on Pickens' first petition for judicial review.

/S/ KARLA M. GRAY

We concur:

/S/ JAMES C. NELSON

/S/ JIM REGNIER

/S/ W. WILLIAM LEAPHART

/S/ WILLIAM E. HUNT, SR.