No. 02-768

IN THE SUPREME COURT OF THE STATE OF MONTANA

2003 MT 145

IN RE THE SUPPORT OBLIGATION OF
MARK T. McGURRAN,

Obligor and Respondent,

DEBRA L. UDELHOVEN,

Petitioner and Appellant,

v.

MONTANA DEPARTMENT OF PUBLIC HEALTH
AND HUMAN SERVICES, CHILD SUPPORT
ENFORCEMENT DIVISION,

Respondent and Respondent.

APPEAL FROM:    District Court of the First Judicial District,
                In and for the County of Lewis and Clark, Cause No. ADR 2002-352,
                The Honorable Dorothy McCarter, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

                Charles Frederick Unmack; Hubble, Ridgeway, Unmack & Westveer,
                Stanford, Montana

        For Respondent:

                David N. Hull, Attorney at Law, Helena, Montana (for Mark McGurran)

                                        Submitted on Briefs:  March 20, 2003

                                        Decided:  May 20, 2003

Filed:

        _____
                            Clerk

Chief Justice Karla M. Gray delivered the Opinion of the Court.

¶1     The First Judicial District Court, Lewis and Clark County, dismissed Debra L. Udelhoven's petition for judicial review for lack of subject matter jurisdiction. Udelhoven appeals. We reverse and remand.

¶2     The issue is whether the District Court violated Udelhoven's right to due process when it dismissed her petition because she failed to comply with the service requirements of § 40-5-253(4), MCA.

¶3     This is not the first time Udelhoven and Mark T. McGurran have come before this Court on matters relating to the support of their son. In 1999, we upheld the dismissal of Udelhoven's petition for judicial review of an administrative child support order issued by the Child Support Enforcement Division of the Montana Department of Public Health and Human Services (CSED), on grounds that the petition was not timely filed in the district court. *In re McGurran*, 1999 MT 192, 295 Mont. 357, 983 P.2d 968 (*McGurran I*).

¶4     In February of 2001, the CSED entered a "modification consent order" concerning McGurran's child support obligation. Udelhoven was notified that she could challenge the provisions of the order by requesting arbitration by April 2, 2001. She requested arbitration and, on April 9, 2001, CSED denied her request on the basis that she had not timely filed it. The notice of denial of her request for arbitration further stated "Pursuant to MCA Title 2, Chapter 4, Part 7, you may file a Petition for Judicial Review of this final order within 30 days after service of this decision."

2

¶5 On April 16, 2001, Udelhoven petitioned the Tenth Judicial District Court, Judith Basin County, for judicial review. Udelhoven initially served her petition for judicial review on CSED and on McGurran by mailing summons and copies of the petition to their attorneys on April 17, 2001. McGurran refused to accept service by mail and his attorney sent Udelhoven's attorney a letter arguing that McGurran was not a proper party to the proceeding. At the same time, CSED moved to dismiss the petition on the basis that the Tenth Judicial District Court was an incorrect venue. The district court granted CSED's motion, and Udelhoven appealed. On appeal, we determined the Tenth Judicial District Court was a proper place for trial and reversed and remanded for further proceedings. *In re McGurran*, 2002 MT 144, 310 Mont. 268, 49 P.3d 626 (*McGurran II*).

¶6 After our June 27, 2002 opinion in *McGurran II,* Udelhoven had McGurran personally served with a summons and copy of her petition on August 14, 2002. In September of 2002, the parties stipulated to change venue to the First Judicial District Court, Lewis and Clark County. McGurran then moved to dismiss Udelhoven's petition for judicial review as to him, based on Udelhoven's failure to properly serve him pursuant to the requirements of § 40-5-253(4), MCA, which requires that a petition for judicial review of a CSED child support order must be served upon CSED and each party within 30 days after the petition is filed. Udelhoven responded that she did not object to the dismissal of McGurran from the action.

¶7 In ruling on McGurran's motion to dismiss, the District Court stated dismissing McGurran from the action would result in "a singular prejudice to McGurran, and not to the

3

other parties." The court then determined it did not have subject matter jurisdiction because Udelhoven had not complied with the § 40-5-253(4), MCA, service requirements. It reasoned that, pursuant to § 40-5-253(4), MCA, a district court does not obtain jurisdiction until a petition for judicial review is served on all parties within 30 days after it is filed and that, because Udelhoven filed her petition in the Tenth Judicial District Court on April 16, 2001, she needed to serve all parties no later than May 16, 2001. After stating that McGurran was not personally served with a summons and copy of the petition until long after the 30-day deadline, the District Court concluded it had no choice but to dismiss the action for lack of subject matter jurisdiction. Udelhoven appeals from the District Court's dismissal of her petition.

## Discussion

¶8 Did the District Court violate Udelhoven's right to due process when it dismissed her petition because of her failure to comply with the service requirements of § 40-5-253(4), MCA?

¶9 The standards applicable to this Court's review of a ruling on a motion to dismiss for lack of subject matter jurisdiction which allegedly violates a party's constitutional right to due process are set forth in *Pickens v. Shelton-Thompson*, 2000 MT 131, 300 Mont. 16, 3 P.3d 603:

> We review a district court's ruling on a motion to dismiss to determine whether the court abused its discretion. However, a court's determination that it lacked subject matter jurisdiction is a conclusion of law which we review to determine whether the court's interpretation of the law is correct. Moreover,

4

constitutional issues raise questions of law and our review of such questions is plenary.

*Pickens*, ¶ 7 (citations omitted).

¶10 Udelhoven analogizes her case to *Pickens* on both facts and the law. She urges that, pursuant to *Pickens*, the District Court's order should be reversed.

¶11 In *Pickens*, child support obligor Pickens timely filed a petition for judicial review of a CSED child support order and mailed copies of the petition to the obligee and to CSED. CSED moved to dismiss for lack of jurisdiction because Pickens had failed to properly serve the parties as required by § 40-5-253, MCA. *Pickens*, ¶ 4. The district court granted the motion to dismiss, and Pickens appealed. *Pickens*, ¶ 6.

¶12 On appeal, we looked to the notice provisions in the administrative order. That order informed Pickens that he had a right to petition for judicial review under MAPA. *Pickens*, ¶ 9. We pointed out that a petition for judicial review under MAPA (that is, under Title 2, Chapter 4, Part 7, MCA) may be served by mailing copies of the petition to the agency and other parties and "there is no requirement that a summons be issued and served in conjunction with the petition." *Pickens*, ¶¶ 3, 10 (citation omitted). While recognizing that the specific service provisions of § 40-5-253, MCA, prevail over the general service provisions of MAPA, we held that, because the notice provided to Pickens implied that MAPA service requirements applied, application of the more stringent § 40-5-253, MCA, service requirements (requiring personal service with summons) would violate Pickens' right to due process of law. *Pickens*, ¶ 21. We reasoned that Pickens' reliance on the misleading

5

information given to him in the notice resulted in his failure to properly serve his petition for judicial review and, ultimately, led to his being denied a meaningful opportunity to be heard. *Pickens*, ¶ 19. Under those circumstances, we held that the notice provided did not meet due process requirements. *Pickens*, ¶ 21. Consequently, we reversed the order of dismissal and remanded for further proceedings on Pickens' petition for judicial review. *Pickens*, ¶ 23. On the face of it, *Pickens* appears comparable to the present case.

¶13 *Pickens* was not cited or relied upon in the District Court, where McGurran argued he was not a proper party to the proceedings and should be dismissed as a party. The District Court's order dismissing Udelhoven's petition for judicial review thus went beyond the remedy requested by McGurran. For that reason, it is appropriate to consider *Pickens* here.

¶14 McGurran first asserts that we should overrule *Pickens* because access to the court system from an administrative ruling is not a constitutionally protected fundamental right to which due process applies. He relies on *Peterson v. Great Falls School Dist.* (1989), 237 Mont. 376, 773 P.2d 316.

¶15 In *Peterson*, a school employee brought an action against her employer school district for wrongful discharge. This Court upheld the district court's determination that the action was barred by § 2-9-111, MCA, and cases interpreting that statute, on the basis of legislative immunity. The Court also rejected the employee's claim that the statute was unconstitutional because it violated her fundamental right to full legal redress. *Peterson*, 237 Mont. at 380, 773 P.2d at 318.

6

¶16 *Peterson* has no application here. First, *Peterson* predates *Pickens* by many years. Second, neither a due process issue nor a judicial review issue was addressed in *Peterson*. We conclude McGurran's argument that *Peterson* provides a basis on which we should overrule *Pickens* is without merit.

¶17 McGurran also claims that, by failing to exhaust her administrative remedies and failing to file a timely request for arbitration, Udelhoven has not complied with MAPA or the statutory requirements for judicial review of a CSED child support order. *See* §§ 2-4-702(1)(a) and 40-5-253(1), MCA. He asserts that, where statutory conditions for jurisdiction have not been met, the district court is powerless to review the agency decision and a defense based on lack of subject matter jurisdiction may be raised at any time. We address these contentions in turn.

¶18 McGurran argued in the Tenth Judicial District Court that Udelhoven failed to exhaust her administrative remedies, but he did not cross-appeal that court's rejection of his argument. By failing to cross-appeal the issue in *McGurran II*, McGurran has waived it.

¶19 The notice CSED provided to Udelhoven that she had a right to seek judicial review contradicts McGurran's argument that there is no appealable final decision in a contested case. In addition, because McGurran did not raise this argument in the District Court, we decline to address it on appeal. *See Pearson v. Virginia City Ranches Ass'n*, 2000 MT 12, ¶ 57, 298 Mont. 52, ¶ 57, 993 P.2d 688, ¶ 57.

¶20 Finally, as to McGurran's statement that a jurisdictional argument may be raised at any time, untimeliness of the request for arbitration would not be jurisdictional for purposes

7

of seeking judicial review in the District Court; it would be jurisdictional only as to the request for arbitration. Udelhoven's April 16, 2001 petition for judicial review was filed well within the 30 days allowed after the April 9, 2001 CSED order. Therefore, while untimeliness of the request for arbitration ultimately may be a reason for the District Court to affirm the denial of the arbitration request, it is not grounds for dismissal of Udelhoven's petition for judicial review in the District Court on the basis of that court's lack of subject matter jurisdiction.

¶21    Here, as in *Pickens*, CSED's notice to Udelhoven concerning her right to seek judicial review implied that she could serve copies of her petition for judicial review pursuant to MAPA standards. For purposes of service under MAPA, it is sufficient to mail copies of the petition for judicial review to the parties and the agency. Sections 2-4-106 and -702, MCA; Rule 5(b), M.R.Civ.P.; *Hilands Golf Club v. Ashmore* (1996), 277 Mont. 324, 332, 922 P.2d 469, 474. Therefore, Udelhoven's original mailing of a copy of her petition to McGurran's attorney--which has not been challenged as untimely--was sufficient service upon McGurran.

¶22    Udelhoven's reliance on MAPA procedures was suggested by the language used in the notice CSED gave her of her right to petition for judicial review. That reliance resulted in her failure to properly serve her petition for judicial review and, ultimately, denial of a meaningful opportunity to be heard. For those reasons, we conclude that *Pickens* is controlling precedent here, and that dismissal of the petition for judicial review on the basis of failure to follow the § 40-5-253(4), MCA, service requirements would violate Udelhoven's

8

right to due process of law. Therefore, we hold that the District Court erred in dismissing

Udelhoven's petition for judicial review.

¶23    Reversed and remanded for further proceedings consistent with this Opinion.


                                              /S/ KARLA M. GRAY


We concur:


/S/ JAMES C. NELSON
/S/ JIM REGNIER
/S/ PATRICIA COTTER
/S/ JIM RICE