FILED

April 21 2009

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

DA 08-0010

IN THE SUPREME COURT OF THE STATE OF MONTANA

2009 MT 140

PACIFICORP,

      Petitioner and Appellee,

  v.

STATE OF MONTANA, DEPARTMENT OF REVENUE,

      Respondent and Appellant.

APPEAL FROM:    District Court of the First Judicial District,
In and For the County of Lewis and Clark, Cause No. ADV 07-709
Honorable Dorothy McCarter, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Charlena Toro, Special Assistant Attorney General, Montana Department of Revenue, Helena, Montana

          Peter J. Crossett, Hiscock & Barclay, Syracuse, New York

      For Appellee:

          Daniel J. Whyte, Keller, Reynolds, Drake, Johnson & Gillespie, Helena, Montana

          David J. Crapo, Wood Crapo, Salt Lake City, Utah

Submitted on Briefs:  September 17, 2008
Decided:  April 21, 2009

Filed:

_____
Clerk

Justice John Warner delivered the Opinion of the Court.

¶1 Montana Department of Revenue (DOR) appeals from an order denying its motion to dismiss for lack of subject matter jurisdiction entered in the District Court of the First Judicial District, Lewis and Clark County.

¶2 PacifiCorp protested DOR's 2005 valuation of its operating property. The denial of the protest was, by agreement, filed directly with the State Tax Appeal Board (STAB). Following a hearing, STAB affirmed DOR's valuation. PacifiCorp subsequently filed a notice of appeal with the First Judicial District Court.

¶3 DOR moved the District Court to dismiss the appeal on the basis that it lacked subject matter jurisdiction over PacifiCorp's appeal. The District Court denied the motion to dismiss. DOR has appealed the interlocutory order denying its motion to dismiss pursuant to M. R. App. P. 6(3)(c).

¶4 A district court's ruling on a jurisdictional issue is a conclusion of law which we review to determine whether the court's interpretation of the law is correct. *In re McGurran,* 2003 MT 145, ¶ 9, 316 Mont. 188, 70 P.3d 734 (citing *Pickens v. Shelton-Thompson,* 2000 MT 131, ¶ 7, 300 Mont. 16, 3 P.3d 603).

¶5 To commence judicial review of STAB's denial of its protest, PacifiCorp filed a document entitled "Notice of Appeal" which stated:

> Notice is hereby given that PacifiCorp, Appellant above-named, hereby appeals to the Montana First Judicial District Court from an Order of the Montana State Tax Appeal entered in this action on July 31, 2007. On that day, the State Tax Appeal Board filed it Findings of Fact, and Principles of Law, Conclusions of Law and Board Discussion, Order and Opportunity for Judicial Review. It is from that decision that PacifiCorp appeals.

2

¶6 DOR argues that PacifiCorp's notice of appeal was not sufficient to vest the District Court with subject matter jurisdiction. According to DOR, while PacifiCorp's notice of appeal contains sufficient information to comply with § 15-2-303(2), MCA, both §§ 15-2-301(5), 15-2-302(5), MCA, which also concern an appeal from a STAB decision, mandate that the additional information which is required by §§ 2-4-702(b), 2-4-704(2)(a), MCA, be contained in a petition for judicial review of a STAB decision. Thus, DOR argues that the District Court was never vested with subject matter jurisdiction, and PacifiCorp's appeal must be dismissed.

¶7 Section 15-2-303(2), MCA, concerning an appeal from a STAB decision, provides:

> Proceedings for review must be instituted by filing a petition in district court in the county in which the taxable property or some portion of it is located, except the taxpayer has the option to file in the district court of the first judicial district. A petition for judicial review must be filed within 60 days after service of the final decision of the state tax appeal board or, if a rehearing is requested, within 60 days after service of the final decision. Copies of the petition must be promptly served on all parties of record. The department of revenue shall promptly notify the state tax appeal board, in writing, of any judicial review, but failure to do so has no effect on the judicial review. The department of revenue shall, on request, submit to the state tax appeal board a copy of all pleadings and documents.

¶8 Sections 15-2-301(5) and 15-2-302(5), MCA, both provide:

> The decision of the state tax appeal board is final and binding upon all interested parties unless reversed or modified by judicial review. Proceedings for judicial review of a decision of the state tax appeal board under this section are subject to the provisions of 15-2-303 and the Montana Administrative Procedure Act to the extent that it does not conflict with 15-2-303.

¶9 Section 2-4-702(2)(b), MCA, a part of the Montana Administrative Procedure Act, is

3

a more general statute which states what is to be contained in a petition for judicial review of an administrative decision. It requires substantially more information than § 15-2-303(2), MCA.

¶10    Section 15-2-303(2), MCA, is a specific statute which relates only to STAB. PacfiCorp's notice of appeal meets the requirements of § 15-2-303(2), MCA. This Court has already ruled that § 15-2-303, MCA, is a specific statute which controls over the more general § 2-4-702, MCA. *Dept. of Revenue v. Davidson Cattle Co.*, 190 Mont. 326, 329, 620 P.2d 1232, 1234 (1980); *see* § 1-2-102, MCA. PacifiCorp's appeal need not be dismissed because its notice of appeal did not contain all of the information required by §§ 2-4-702(2)(b), 2-4-704(2)(a), MCA.

¶11    Affirmed.

/S/ JOHN WARNER

We Concur:

/S/ W. WILLIAM LEAPHART
/S/ PATRICIA COTTER
/S/ BRIAN MORRIS
/S/ JIM RICE

4