FILED

09/02/2025

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 25-0175

DA 25-0175

IN THE SUPREME COURT OF THE STATE OF MONTANA

2025 MT 195

LEE A. BARTEL,

      Plaintiff and Appellant,

v.

JERAMIE PAUL MIDDLESTEAD,
JEANNE TORSKE, GEORGE REAL BIRD III,
LAWRENCE PETE BIG HAIR,
LARRY VANDERSLOOT, and JOHN DOES 1-5,

      Defendants and Appellees.

APPEAL FROM:    District Court of the Twenty-Second Judicial District,
In and For the County of Big Horn, Cause No. DV 24-29
Honorable Olivia Rieger, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Lee A. Bartel, Self-Represented, Hardin, Montana

      For Appellees:

          Calvin J. Stacey, Morgan M. Sorena, Stacey & Funyak, Billings, Montana

          Submitted on Briefs:  July 23, 2025

          Decided:  September 2, 2025

Filed:

          _____
                    Clerk

Justice James Jeremiah Shea delivered the Opinion of the Court.

¶1    Lee A. Bartel appeals from the Twenty-Second Judicial District Court, Big Horn County's February 7, 2025 Order on Injunction denying his motion for a preliminary injunction to prevent Jeramie Middlestead from being sworn in as Big Horn County Sheriff.

¶2    We restate the issues on appeal as follows:

*Issue 1: Whether Middlestead's swearing in as sheriff renders this case moot.*

*Issue 2: Whether the District Court abused its discretion when it denied Bartel's motion for a preliminary injunction.*

**FACTUAL AND PROCEDURAL BACKGROUND**

¶3    The County Commissioners of Big Horn County appointed Middlestead as interim sheriff in November 2023 after his predecessor died. Middlestead ran in the 2024 election to officially retain the position. On June 11, 2024, Bartel filed a complaint alleging that Middlestead was ineligible to serve as Big Horn County Sheriff, alleging that Middlestead was neither a resident of, nor registered to vote in, Big Horn County. Bartel asserted that Middlestead's appointment violated § 7-4-2206(2)(b), MCA, and his election would violate § 7-4-2201(3)(a), MCA.

¶4    The District Court did not take any immediate action in the case, and on November 5, 2024, Middlestead won the election for sheriff. On November 21, 2024, Bartel moved for a preliminary injunction barring Middlestead from being sworn into office. Bartel maintained that Middlestead resided in Yellowstone County and was registered to vote in that county. Bartel attached as an exhibit to his motion a notarized

2

statement from Middlestead to the Big Horn County Elections Administrator. In that statement, Middlestead admitted to owning a residence in Yellowstone County and operating a business out of that residence but asserted that his primary residence was in Big Horn County. The matter was originally assigned to Judge Matthew J. Wald, but Judge Wald was concerned he may be a material witness, so he recused himself and invited Judge Olivia Rieger to assume jurisdiction.

¶5 Middlestead was sworn in as Big Horn County Sheriff on December 16, 2024. The District Court held a hearing on Bartel's motion for a preliminary injunction on January 2, 2025. On February 7, 2025, the District Court denied the motion because it determined that the balance of factors laid out in § 27-19-201(1), MCA (2023), weighed against the preliminary injunction. The District Court found: (1) there were outstanding questions about Middlestead's qualifications that warranted further investigation; (2) Bartel had not shown he would suffer irreparable harm by Middlestead being allowed to serve as sheriff while the case progressed; (3) the equities balanced against Bartel because Middlestead had already been sworn in; and (4) a preliminary injunction would not be in the public interest because it would leave Big Horn County without a sheriff in the interim.[1]

---

[1] Although the District Court's concern that enjoining Middlestead would have left the county without a sheriff must be read in light of § 7-32-2122, MCA, which provides that whenever a vacancy occurs in the office of sheriff, the undersheriff executes the office of sheriff until the vacancy is filled, the Court nevertheless acted within its discretion by determining that continuity and stability in law enforcement weighed against preliminary relief.

**STANDARDS OF REVIEW**

¶6 We review a district court's grant or denial of a preliminary injunction for a manifest abuse of discretion. *Driscoll v. Stapleton*, 2020 MT 247, ¶ 12, 401 Mont. 405, 473 P.3d 386, *superseded by statute on other grounds*. If the decision on a preliminary injunction was based on legal conclusions, however, we review those conclusions to determine if the district court's interpretation of the law is correct. *Driscoll*, ¶ 12.

**DISCUSSION**

¶7 *Issue 1: Whether Middlestead's swearing in as sheriff renders this case moot.*

¶8 Middlestead argues that the District Court correctly denied Bartel's motion because his swearing in on December 16, 2024, rendered any need for an injunction preventing his swearing in moot. Mootness is a concept of justiciability focused on whether a court can still provide *any* effective relief or "restore the parties to their original position." *Serrania v. LPH, Inc.*, 2015 MT 113, ¶ 14, 379 Mont. 17, 347 P.3d 1237 (quoting *Progressive Direct Ins. Co. v. Stuivenga*, 2012 MT 75, ¶ 17, 364 Mont. 390, 276 P.3d 867). "The fundamental question to be answered in any review of possible mootness is whether it is possible to grant some form of effective relief to the appellant." *In re Big Foot Dumpsters & Containers, LLC*, 2022 MT 67, ¶ 10, 408 Mont. 187, 507 P.3d 169 (quoting *Wilkie v. Hartford Underwriters Ins. Co.*, 2021 MT 221, ¶ 8, 405 Mont. 259, 494 P.3d 892).

¶9 Although Middlestead's swearing in as sheriff may have rendered ineffective the specific relief Bartel originally sought, it did not deprive the District Court of the ability to provide *any* effective relief or restore the parties to their original position. "Courts sitting

4

in equity are empowered to determine all the questions involved in the case and to do complete justice; this includes the power to fashion an equitable result." *Flying T Ranch, LLC v. Catlin Ranch, LP*, 2022 MT 162, ¶ 33, 409 Mont. 478, 515 P.3d 806 (quoting *Trs. of Wash.-Idaho-Mont. Carpenters-Emps. Ret. Tr. Fund v. Galleria P'ship*, 239 Mont. 250, 265, 780 P.2d 608, 617 (1989)). Notwithstanding the swearing in, the District Court retains the power to fashion an equitable result in this case as it determines is proper. Just because Middlestead has been sworn in does not mean that the District Court could not order him to relinquish his position if it was determined he was ineligible. *See, e.g.*, *Downs v. Piocos*, 2023 MT 173, ¶¶ 5, 27-28, 413 Mont. 269, 537 P.3d 99 (affirming the District Court's ruling that a recent county attorney election was void because the successful candidate did not satisfy the statutory residency requirements for a county office). While denial of a preliminary injunction leaves Middlestead in office pending adjudication, this does not foreclose expedited merits relief, including removal if eligibility is not established. *Downs* illustrates that such remedies remain available even after assumption of office. The fact that the District Court retains the power to make such a ruling means that this case, and Bartel's motion, are not moot.

¶10    *Issue 2: Whether the District Court abused its discretion when it denied Bartel's motion for a preliminary injunction.*

¶11    Bartel argues that the District Court abused its discretion when it denied his motion for a preliminary injunction for several reasons. First, Bartel argues that the District Court should have applied § 13-35-108, MCA, rather than § 27-19-201, MCA (2023), when it determined whether a preliminary injunction was appropriate. Section 13-35-108, MCA,

5

provides that "[i]n any action brought under the election laws of this state, the appropriate district court may enjoin any person to prevent the doing of any prohibited act or to compel the performance of any act required by the election laws." Section 27-19-201(1), MCA (2023), provides that a "preliminary injunction order or temporary restraining order may be granted when the applicant establishes" four factors. Bartel contends that these two provisions establish mutually exclusive standards for preliminary injunctions in different contexts. Bartel is incorrect. Section 1-2-101, MCA, instructs us to read statutes in harmony to the extent possible. Reading §§ 13-35-108 and 27-19-201, MCA (2023), with this harmonizing objective in mind, § 13-35-108, MCA, authorizes a district court to issue injunctions in election law cases where appropriate while § 27-19-201, MCA (2023), establishes the standard that courts should use to determine whether such an injunction is appropriate. The District Court correctly determined whether it should issue an injunction pursuant to § 13-35-108, MCA, by considering the factors listed in § 27-19-201(1), MCA (2023).

¶12   Next, Bartel argues that the District Court improperly overlooked substantial evidence in the record that Middlestead was not qualified to serve as Big Horn County Sheriff because he was not a resident of the county or registered to vote there. Such evidence would be material to the first factor of § 27-19-201(1), MCA (2023): whether an applicant for a preliminary injunction "is likely to succeed on the merits." While the District Court did not reference Bartel's exhibits in its denial order, it ultimately found that the first factor cut in Bartel's favor, determining that whether Middlestead had adhered to

6

"statutory requirements is likely serious enough to warrant further investigation." While this factor seems clear cut to Bartel, the District Court determined that his serious allegations against Middlestead ultimately required more thorough investigation before the District Court would be prepared to issue an injunction. We cannot conclude that the District Court's interest in developing a more complete record notwithstanding the evidence already in the record constitutes an abuse of discretion.

¶13 Bartel argues next that the District Court abused its discretion by determining that an injunction was not in the public interest. Bartel asserts that the Legislature has already expressed through §§ 13-35-108 and 13-36-206, MCA, that an injunction is in the public interest where there has been a violation of the election laws of the state. Section 13-36-206, MCA, provides that upon filing of an election case, a "court shall hear the cause, and the contest must take precedence over all other business on the court docket and must be tried and disposed of with all convenient dispatch." In support of his argument, Bartel cites our decision in *Downs*. While *Downs* concerned a similar set of circumstances regarding a challenge to a candidate for county office based on his residency and registration, we did not hold in that case whether §§ 13-35-108 and 13-36-206, MCA, stated the Legislature's intent that injunctions be issued in election cases without any further weighing of public interest. Nothing in the statutory directive to try and dispose of an election challenge with all convenient dispatch suggests that expediency forecloses the court's obligation to consider whether an injunction is "in the public interest" pursuant to § 27-19-201(1), MCA (2023). Although we certainly understand Bartel's frustration at the

7

pace of this case, the District Court did not abuse its discretion by considering whether a preliminary injunction was in the public interest.

¶14 Nor did the District Court err in its determination that Bartel had not shown at this juncture that he would suffer irreparable harm. Preserving election integrity and public confidence in our elections are without question of great importance and, toward that end, § 13-35-108, MCA, expressly authorizes injunctive relief in election law cases when appropriate. But in making that determination, courts still must consider § 27-19-201(1), MCA's requirement that irreparable harm be likely, not merely possible. The District Court did not abuse its discretion by determining that Bartel's showing of harm remained too speculative at this preliminary stage.

¶15 Finally, Bartel argues that the District Court abused its discretion by allowing certain arguments at the January 2, 2025 hearing and not allowing others. Bartel asserts that the District Court should have excluded some of Middlestead's arguments as untimely filed and should have permitted him to examine two witnesses in support of his motion. Section 27-19-301(2), MCA, requires a district court to hold a hearing before granting or denying a preliminary injunction, but it does not prescribe the nature of the hearing. "The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Smith v. Bd. of Horse Racing*, 1998 MT 91, ¶ 11, 288 Mont. 249, 956 P.2d 752 (citation omitted). The record reflects that Bartel was given an opportunity at the hearing to present his case and to respond to Middlestead's arguments. While Bartel may feel he had more evidence to present, neither the District Court's denial

8

of the preliminary injunction nor our affirming the District Court's Order marks the end of this case. Bartel's underlying complaint and request for a permanent injunction remain viable for the District Court's determination on remand.

**CONCLUSION**

¶16 This case is not moot because the District Court retains the power to remedy Bartel's alleged injury. The District Court did not abuse its discretion when it determined that Bartel was not entitled to a preliminary injunction. The District Court's February 7, 2025 Order on Injunction is affirmed. This matter is remanded to the District Court for further proceedings consistent with this Opinion.

/S/ JAMES JEREMIAH SHEA

We Concur:

/S/ KATHERINE M BIDEGARAY
/S/ LAURIE McKINNON
/S/ INGRID GUSTAFSON
/S/ JIM RICE

9